Lipscomb, J.
There are three grounds presented to our consideration by the appellant on which lie claims a reversal of the judgment in this case. We believe that he has presented the onlv points on which there could be any controversy, and we propose to limit the investigation we shall make to them, without regarding others presented by the record. It is insisted, in the first place, that flic suit is improperly brought in the names of the minor heirs and devisees, when it should have been in the name of the legal representative ; and (lie counsel supposes this question to have been settled in his favor, in the case of Moore v. Morse, 2 Tex. R., 400, and Evans v. Oakley, Id., 182. The rule laid down in the first-named case, (and it was first made, although the reporters awkwardly published it after the second) was, that as a general rule the legal representative and not the heir or devisee should bring the suit. This was, however, only considered a general rule, and it was expressly stated that it admitted of exceptions; and we adverted to some of those exceptions, but decided that the record in that case disclosed no satisfactory grounds for departing from the general rule. The same question came up afterwards in the second case cited, when we again recognized the rule, but were of opinion that it did not come within any known exception, and should have been in the name of the administrator. That the rulo laid down by this court in the two cases cited is correct as a g’eneral rule will not be controverted, whatever controversy there may he as to what circumstances would form an exception.
In the case of McIntire v. Chappell, decided at Austin, December Term, 1849, (4 Tex. R., 187,) after referring to the two cases before decided, and approving the rule laid down in them, Judge Wheeler, who delivered the opinion of the court, proceeds to show that the case then under consideration was an exception to the general rule.
I have, referred to these cases, the two first of which we held should have heeu in the name of the legal representative, and the last showing an exception. nor from any doubt or failure, of confidence in the correctness of our decisions in either of them, hut to show their harmony and consistency.
In McDown v. Charles, 6 Johns. Chan. R., 192, Chancellor Kent says :
'‘The objection to the bill is, that here is a party entitled as heir to a distributive share, in the personal estate of her mother suing the debtor and co-heir to that estate to account t.o her for her proportion of'the fund in his possession. Tin' general rule is against the action ; and the only inquiry is, whether the circumstances stated in the bill do not constitute a special case sufficient to authorize such suit.
“The plaintiff and the. defendant are the only persons interested in the fund; and the husband of the plaintiff once obtained letters of administration upon the. estate of Mary Charles, hut those, letters were revoked by the procurement of the defendant, and none others have since been granted. It is to lie presumed from the facts charged in the bill and admitted by the demurrer that no person lias administered upon the estate, and that there are no creditors of the estate nor any other person but the plaintiff entitled to call the defendant to account. The ease, warrants the inference that t.lie defendant does not wish or intend to account to any human being for the debt which he owes the estate. If the plaintiff cannot sue, there, is no"person to call the defendant to account, and the plain till is to lose her whole share, of the fund. It is a peculiar case, and one. in which, taking' tile facts in the hill to be true, the plaintiff ought to he permitted to sue.”
The Chancellor then examines the English authorities, to show that he is sustained in considering the, case as one of several exceptions to the general rule. He refers to the case of Beckly o. Borrington, in which Lord Hardwicke *94 held tliat collusion between tlie executor and the debtor or the insolvency of the executor would be an exception.
Note 42. — Risk ». Norvel, 0 T., IS; Hurt v. Horton, 12 T., 2S5; Cochran v, Thompson, 18 T.,. 662; Patton v. Gregory, 21 T., 613; Sanders u. Devereux, 25 T. Supp., 1; Giddings v. Steele, 28 T., 732.
The reason of the rule that the creditor must look to the executor and the executor to the debtor is obvious. It is necessary to sustain the law of devas-tavit and the legal rights and obligations of the executor. If every creditor had a right to sue the debtor of an estate, these rights and obligations, if not destroyed, would become useless, and would result in endless confusion and perplexity, by suit being brought at the same time for the same cause by the legal representatives, tlie creditor, and the heir or devisee. But if there is no legal representative of the estate, if it lias been closed and there are no creditors, tlie reason would fail and form an exception, because in such cases there would be no person to complain or to be injured by allowing tlie exception. In the case before us the record shows that tlierc is no legal representative; that the estate had been closed, and that there were no outstanding debts against it. The petition charges collusion, too, witli tlie testamentary representative. Whether that charge was supported or not was a question of evidence to bo decided by the jury. It appears time lie was removed from tlie administration and his letters testamentary revoked by his own consent, on the application of Watson, representing himself to he tlie next friend of tlie minor heirs of the testator, and who is charged, as a defendant in tliis suit, with faking tlie property of these heirs and converting it to his own use. We conclude, therefore, that tlie first ground taken by tlie appellant cannot ho sustained.
The second ground taken by the appellant is, that the right of action, if it ever existed, was barred by tlie statute of limitations before tlie commencement of tliis suit. We are at a loss to conceive how there could have been indulged any hope of success on tliis point, as tlie fact is admitted on tlie record that tlie plaintiffs are minors, and minors are expressly excepted from the operation of the statute of limitations by the 11th section thereof, (Hart. Dig., art. 2387.) We are, however, referred to the case of Thomas v. Greer, decided at the last term of. tliis court, as an analogous case, in which the plea of tlie statute was sustained. By reference to that case it will lie seen f.h;tfc it was wholly unlike tlie present; it was nota suit in which minors were suing, nor did tlie record disclose that minors were at all interested in the suit.. Wé only held that an administrator was not excepted by the statute. It is, however, contended that as tlie rights of the minors could have been sued for sooner, therefore the statute ought to commence running when the suit could have been commenced. To tliis it is sufficient answer to say that tlie exception in their favor in tlie statute contains no such qualification. If, however, tlie statute had not contained tlie exception, the pica was not sustained by the evidence to tlie satisfaction of tlie jury. The evidence did not siiow at what time tlie appellant, Lacy, got possession of the slaves sued for. But we rest our opinion on tlie exception in the statute.
Tlie third and last objection presented is to the judgment- against Burton. Tliis may be, briefly answered. Had Burlón appealed, tlie inquiry would then have been appropriate whether the record could sustain the judgment, against him. It is, however, not perceived on what ground tlie judgment could have been reversed. He is not a party to tlie appeal. Lacy only brings up the ease,' and tlie errors are assigned for him alone. The other defendants have not complained, and are, perhaps, fully satisfied with tlie judgment. Tlie judgment of tlie court below is affirmed.
Judgment affirmed.