## J. & J. BRIDGES v. W. H. CUNDIFF ET AL.

1. TRESPASS TO TRY TITLE—PLEADINGS—PARTITION.—In a suit of trespass to try title, the petition being endorsed as usual, it is sufficient to aver that plaintiffs are the legal and rightful owners of an equal undivided tract of the land described; that on a certain day, giving the date they were seized and possessed of said land; and that on said day the defendant set up some claim thereto disturbing their possession, and keeping them from that time from the possession thereof; the prayer being for judgment for the possession, the removal of the cloud cast by defendant's claim, the partition of their interest, quieting of their title, for costs and general relief.

2. SAME.—The practice of adding to a petition to try title, a prayer in appropriate cases for partition, is in harmony with our system of pleading and practice.

3. SAME—EVIDENCE.—In trespass to try title, where plaintiffs in their pleadings do not set out the commencement or derivation of their title, it is error to exclude evidence of heirship, otherwise admissible, on the ground that there was no allegation of heirship in the pleadings. It would be different if plaintiffs had undertaken to specifically set out their title and had failed to aver heirship.

ERROR from Denton. Tried below before the Hon. C. C. Burkley.

The facts upon the merits of the case appear in the opinion.

*R. D. Coughanour*, for plaintiff in error, cited Walker *v.* Howard, 34 Tex., 478; Burleson *v.* Burleson, 28 Tex., 383; 1 Chitty on Pleading, 225; Texas Pleading, p. 92, sec. 64; Frosh *v.* Swett, 2 Tex., 485; Dobbin *v.* Bryan, 5 Tex., 276; Wells *v.* Fairbanks, 5 Tex., 582; Warner *v.* Bailey, 7 Tex., 517; Williams *v.* Warnell, 28 Tex., 610; Texas Practice, (2d ed., sec. 655; Thurmond *v.* Trammel, 22 Tex., 257; Evans *v.* Pigg, 28 Tex., 286.

*D. E. Thomas* and *Welch & Piner*, for defendants in error, cited Paschal's Dig., art. 54; Matossy *v.* Frosh, 9 Tex, 612; Chapman *v.* Allen, 15 Tex., 278; Texas Practice, 466; 1 Daniells' Ch. Pr., 369; Stephens' Pleading, 390; Bunbury's Rep. Ex., 195; Chitty's Pleading, 378.

*Hancock, West & North*, also for defendants in error, cited 2 Daniells' Ch., (4th ed.,) 1151; Larkin *v.* Mann, 2 Paige, 39; Burleson *v.* Burleson, 28 Tex., 383; Payne *v.* Benham, 16 Tex., 368.

GOULD, ASSOCIATE JUSTICE.—In May, 1859, Jackson and James Bridges filed their petition, alleging themselves to be the legal and rightful owners of one equal undivided half of a certain league and labor of land, and that on April 9, 1856, they were legally seized and possessed of the same; that afterwards, on the day last named, Jesse Duren, who is made defendant, set up some claim thereto, disturbed their peaceful possession, and from that time kept petitioners from the possession thereof. They prayed judgment for possession; that the cloud cast on their title by Duren's claim be removed; that their interest in said land be set out to them by partition, their title quieted, for costs and general relief. The

petition was indorsed that "this action is brought as well to try title as for damages." An amended petition was filed in June of the same year, stating that Jacob Masters, A. B. Hardin, and C. Q. Hailey were claiming the land as vendees of Duren, and that they and Duren had forcibly entered and dispossessed petitioners, praying that they be cited as defendants, and "for judgment for their said lands and premises, writs of possession, and their damages and costs, as prayed in their original petition."

It is not necessary to trace the confused history of this case through a period of over twelve years, further than to note that after another amendment, making still other defendants, in July, 1871, it was, on motion of plaintiffs, and apparently without objection of any one interested, consolidated with a suit for partition of the same land brought by defendants Masters and F. H. Daniels against defendants Hardin and Hailey, Duren's administrators, Cundiff and Taylor. In April, 1872, this consolidated case was tried, resulting in a verdict and judgment for defendants, and immediately followed by a decree appointing commissioners to partition the league and labor amongst the various defendants, whilst at a subsequent term a decree confirming the partition was made. The original plaintiffs have brought the case here by writ of error for revision.

On the trial the plaintiffs produced a patent to James Bridges, jr., and then proposed to prove by the written admission of Cundiff, administrator of Duren, and also by depositions taken for the purpose, that they were the children and heirs at law of James Bridges, jr., and his wife Elizabeth. This evidence was excluded by the court, on the objection of defendants that "there was no allegation of heirship in the original or amended petitions of plaintiffs." In another bill of exceptions the objection is stated thus: "That there was no allegation in the original or amended petition of plaintiffs, that the said plaintiffs were such heirs, and that from the pleadings the plaintiffs sued and claimed as by deed, and that

they could not be allowed to prove that they were heirs and claimed as such."

The different defendants in error are represented by different counsel, and justify this action of the court on different grounds. It is contended that the suit was substantially a bill in equity for partition, and that as such it contained no such averments of title in plaintiffs and defendants as showed that amongst them they were entitled to the whole estate, and from this it seems to be inferred that evidence of title was properly excluded. It is a sufficient reply to this that the petition and amendments cannot be regarded as simply a bill for partition. Enough of the contents of the original petition has been stated to show, that it contained all the essentials of an action of trespass to try title, and that, whilst partition was sought, it was rather as an incident than as the main object of the suit. Even after the consolidation with a suit amongst the defendants for partition amongst themselves, we think it clear that it remained primarily a suit of trespass to try title, and that the settlement of the issue of title in the plaintiffs was the first and main object of the plaintiffs.

The practice of adding to a petition to try title a prayer in appropriate cases for partition, is believed to be not infrequent, and is in itself in harmony with our system of pleading and practice.

Counsel for other defendants attempt to support the ruling on very different grounds. They claim that the petition does not show how plaintiffs deraign their title, and that if they claimed by inheritance, they should have shown it by their pleadings. The plaintiffs in their pleadings made no effort to set out the commencement or derivation of their title. They aver in general terms their ownership and their legal seizen and possession, and under these averments it was certainly competent for them to prove a grant to their father or their father and mother, and that they had, under the laws of descent, inherited from their deceased parents or either of

them. The authorities cited are applicable to cases where a party undertakes in his pleadings to deraign his title.

It seems to have been erroneously held by the court below that the plaintiffs had attempted to set out their title, and had stated that the land had been granted to their father, James Bridges, jr., as community property of himself and wife, and that they claim under him and their mother. An examination of the pleading shows that the land is identified as the headright of James Bridges, but that is done simply in describing the lands sued for, and not by way of setting out or deraigning title. There is no averment of a grant to, or seizin in, either of their parents, but the petition did contain the averments usual in an action of trespass to try title and in established precedents in ejectment, under which plaintiffs should have been allowed to establish their claim by any legal evidence. (Adams on Eject., 483; Stephens' Plead., 306.)

It was error in the court to exclude the admission of Cundiff and the depositions, offered to prove the heirship of plaintiffs, on the ground stated. As this error requires a reversal of the case, it is not deemed material to inquire whether either of these papers might have been objected to on other grounds.

The judgment is reversed and the cause remanded.

Reversed and remanded.