GRANT & EASTERN v. SIMON K. ANDERSON.

(No. ——, Op. Book No. 3, p. 777.)

APPEAL from —— County.  Opinion by HURT, J.

§ 190. *Minor; may sue on note payable to guardian after arriving at majority.* A minor after arriving at the age of maturity may maintain a suit upon a note taken for his benefit, and made payable to his guardian, although the guardian has not been discharged from his trust, the guardian making no objection to the suit. [Robson v. Osborn, 13 Tex. 298; 11 Verm. R. 273.]

§ 191. *Limitation; note given to guardian of minors.* A note given to the guardian of minors, for the minors, was held not barred by limitation although more than four years had elapsed since its maturity before the filing of the suit, but four years had not elapsed since the removal of the minors' disabilities and before the filing of the suit. [R. S. art. 3222; Lacy v. Williams, 8 Tex. 182; House v. Mullen, 22 Wall. 42; Marquis Cholmondelay v. Lord Clifton, 2 Jacob & Walker R. 157.]

Affirmed.

———

G. W. KELLEY AND WIFE v. EMBREE & KEYES.

(No. 2074, Op. Book No. 3, p. 778.)

APPEAL from Bell County.  Opinion by WHITE, P. J.

§ 192. *Married woman; liability for debt.* It is well settled that to render the separate property of the wife liable for a debt for necessaries, it must be alleged and proved that the debt was contracted by her or her authorized agent, for necessaries for herself and children, which necessaries were reasonable and proper, and that it was necessary she should so make her separate estate liable. [Sorrell v. Clayton, 42 Tex. 188; Magee v. White, 23 Tex. 189; Eager v. Morris (Ct. App.), *ante*, p. 70.]

Reversed and remanded.