WILLIAM CASSIN v. LA SALLE COUNTY.

No. 8.

1. County School Land—Void Sale.—Where a part of the consideration of the sale of county school land is other than money, such sale, under the authority of Tomlinson v. Hopkins County, 57 Texas, 572, must be held invalid.

2. Practice—Immaterial Error.—The erroneous admission or exclusion of evidence that would not have changed the result of the suit is immaterial error.

3. Practice—Finding of Court.—That the finding of the court on a given point is not sufficiently specific is an objection not tenable on appeal, unless the finding was specially excepted to at the time, and an additional finding requested.

4. Rescission of Sale—Rents and Improvements.—Where an action in the form of trespass to try title is in effect an equitable suit to rescind a sale of land for want of power in the plaintiff to have made it, the plaintiff is not entitled to recover rents beyond the time when he manifested a purpose to rescind, or the time when defendant took possession; and in such suit the principles of equity, not the provisions of the statute regulating the action of trespass to try title, should control as to the value of improvements made by defendant under the contract, and the measure of its allowance to him.

APPEAL from Martin. Tried below before Hon. WILLIAM KENNEDY.
The opinion states the case.

*John Ireland* and *S. G. Newton,* for appellant.— 1. The defendant should have had judgment for the land. The evidence clearly shows that Cassin purchased for a fair money price, without fraud of any kind; that the land was conveyed to him in the manner required by law; that the sale has ever since been recognized by plaintiff as a binding and subsisting sale, ratified by the acquiescence of plaintiff and its receipt of the semi-annual interest for several years; and plaintiff is now estopped to deny the validity of the sale. Const. 1876, art. 7, sec. 6; Rev. Stats., arts. 1510, 1511, 1523, 4035, 4036, 4037a, 4037b; Simons v. Jackson County, 63 Texas, 428; Jones v. Fancher, 61 Texas, 698; Railway v. Robards, 60 Texas, 545; Creswell v. Lanham, 101 U. S., 347; Zabriskie v. Cleveland, 23 How., 381; Marshall County v. Schenick, 5 Wall., 781; Bing. on Sale Real Prop., 8, 552; Dill. on Mun. Corp. (2 ed.), sec. 385, note 1; Bige. on Estop. (3 ed.), 584; 2 Pome. Eq. Jur., secs. 803–805, 818, 964, 965; 1 Am. Lead. Cases, 570–574; Moore v. Mayor, 29 Am. Dec., 134; Good v. Winter, 64 Ala., 410; France v. Haynes, 67 Iowa, 139; Schenick v. Sautter, 73 Mo., 46; Moore v. Hill, 85 N. C., 218; Field v. Doyon, 64 Wis., 560; Booth v. Wiley, 102 Ill., 84; Thomas v. Railway, 101 U. S., 71–87; Parish v. Wheeler, 22 N. Y., 494; Putnam v. Grand Rapids, 25 N. W. Rep., 332; Marsh v. Fulton County, 10 Wall., 648.

2. The finding of the court should have shown what was the considera-

tion other than money paid by Cassin for the land. Rev. Stats., art. 1333; Ins. Co. v. Milliken, 64 Texas, 46; Railway v. Fossett, 66 Texas, 338; Ins. Co. v. Miller, 2 Ct. App. C. C., sec. 335.

3. The defendant was entitled to pay for his improvements. A possessor of land in good faith, who has made permanent and valuable improvements thereon, is entitled to recover from the true owner, under the terms of the statute, the value of such improvements; and in suits for the rescission of sales of land the right to the value of improvements and the measure of its allowance depend on principles of equity as well as on the provisions of the statute. Rev. Stats., art. 4813; Burdett v. Silsbee, 15 Texas, 604; Sartain v. Hamilton, 12 Texas, 219; Dorn v. Dunham, 24 Texas, 366; Hutchins v. Bacon, 46 Texas, 408; French v. Grenet, 57 Texas, 273; House v. Stone, 64 Texas, 677; Pilcher v. Kirk, 60 Texas, 162; Cole v. Bammel, 62 Texas, 109; Hill v. Spear, 48 Texas, 583; Saunders v. Wilson, 19 Texas, 202; 2 Pome. Eq. Jur., sec. 818; 3 Id., sec. 1241; Patrick v. Roach, 21 Texas, 251.

4. The court erred in giving plaintiff rent on the land from November 17, 1883. A vendor who renounces the sale of land can not recover rent or the value of the use and occupation from his vendee in possession until after notice to the vendee of his intention to rescind the sale; and a plaintiff who recovers the land in a suit of trespass to try title is not entitled to recover rents prior to the time defendant went into possession, and then only for two years prior to the commencement of the suit. Jones v. Hutchinson, 21 Texas, 370; Patrick v. Roach, 21 Texas, 251; 27 Texas, 581.

*Lane & Mayfield*, for appellee.—1. The County Commissioners Court had no power to sell the land for a consideration in part other than money. Const., art. 7, secs. 5, 6; Tomlinson v. Hopkins County, 57 Texas, 572; Palo Pinto County v. Gano, 60 Texas, 249.

2. Cassin was a purchaser from a trustee, with notice of the trust. Tomlinson v. Hopkins County, 57 Texas, 572; Kennedy v. Baker, 59 Texas, 155; Flurean v. Thomhill, 2 W. Bl., 1078, noted in 1 Sedg. on Dam., 7 ed., 406; 2 Perry on Trusts, sec. 828, and authorities cited; Fisher v. Fields, 10 Johns., 495; Murray v. Ballou, 1 Johns. Ch. Rep., 566; Shepherd v. McEvers, 4 Johns. Ch. Rep., 136; Lawrence v. Lawrence, 3 Barb. Ch., 71; Bradstreet v. Clark, 12 Wend., 602.

3. A purchase by an agent from his principal, unless open, fair and equitable, will raise a constructive trust. Tiff. & Bull. on Trusts and Trustees, 112, 114, 131, 136–144; Perry on Trusts, secs. 27, 166, 194, 204, 206, 209, 210.

4. Appellant is not entitled to be protected in the value of the improvements placed upon the land. His title thereto was absolutely void. Hatchett v. Conner, 30 Texas, 113; Robson v. Osborn, 13 Texas, 307;

Pitts v. Booth, 15 Texas, 454; Miller v. Brownson, 50 Texas, 583; House v. Stone. 64 Texas, 678.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is prosecuted by Willliam Cassin from a judgment rendered in the District Court of Martin County against him, in favor of La Salle County, on the 18th day of September, 1889, for the recovery of the four leagues of school land set apart to La Salle County under the Constitution and laws of this State. The case was tried without a jury, and is brought here on conclusions of law and fact, accompanied by a statement of facts.

The conclusions of fact filed in the court below are here referred to and adopted as our conclusions of fact, except the sixth and eighth conclusions, which are not approved.

The record discloses that in 1883 appellant made a written proposition to the Commissioners Court of La Salle County, by which he agreed to furnish vacancies for the location of these four leagues of school land, and to locate the same, paying all the necessary charges in any way connected with the locating and patenting of the same, and to pay the county for the lands located by him 30 cents per acre on ten years time at 7 per cent interest per annum, payable semi-annually, from the date of his proposition, which was August 14, 1883, only however binding himself to take or purchase 8856 acres, with the privilege of the rest. This proposition was accepted by the Commissioners Court; and thereafter, in October of the same year, he made a further proposition in writing, stating that in the previous proposition he had contracted with the Commissioners Court to purchase the four leagues of land after being located at his expense, and that since making that contract he had reason to believe that he could get four leagues for the county set apart out of the land reserved for unorganized counties, etc., and proposed, in the event he so succeeded, to agree to pay $1000 additional, to be added to the price per acre stipulated in the August contract, to be paid in accordance with the terms of said August contract; and that in consideration of said $1000 the County Commissioners Court should aid him by petitioning the Commissioner of the Land Office, etc.; stating that in the event he failed to get them located in the reservation, the terms of the old contract should remain as they then existed on the records of the court. This was also approved and entered of record on October 5, 1883, and on the same day the county commissioners, with the county judge, made their application to the Commissioner of the Land Office for patents to the four leagues of land out of the 325 leagues reserved and set apart for the benefit of the unorganized counties.

At a meeting of the Commissioners Court in November of the same year the patents were produced by appellant, and the county judge or-

dered to execute deeds to appellant. . At the October meeting, when the second proposition was submitted, upon the adjournment of court appellant made a verbal promise to pay an additional $1000, which at the November meeting he was requested or urged by one of the commissioners to do, but which he declined to do. Finally, however, a compromise was effected as to the additional amount claimed under the verbal promise, and the total amount was fixed at $7000. In pursuance of said order of the Commissioners Court warranty deeds, reciting $7000 as the consideration, were duly executed to said appellant, who up to the trial had made his semi-annual interest payments, had gone into the possession of the land by tenants in 1885, had made permanent and valuable improvements thereon, and had paid all the taxes on the same, and the surveyor's fees and locating expenses.

The proof tended to show that the land was worth at the date of its sale about 50 cents per acre, as well as at the date of the trial. Evidence was introduced as to the value of the improvements and as to the value of the rents, but there was no proof as to how much the improvements enhanced the value of the land. In 1888 La Salle County brought a suit to recover the land, which was dismissed early in 1889, and a second suit brought, which resulted in the judgment appealed from. The written propositions of appellant to the Commissioners Court and the proceedings of said court in relation thereto are set out in the pleadings of both parties, and are here referred to for fuller explanation of these conclusions.

The court below held that the sale to appellant was void, because a part of the consideration was other than money. On the authority of Tomlinson v. Hopkins County, 57 Texas, 572, we are of opinion that the sale must be held invalid.

The first assignment complains that the court refused to allow appellant and another witness to state that in the negotiations for the purchase and sale of the land in controversy the services and expenses of appellant did not enter into, nor were they considered by appellant or appellee as forming any part of, the consideration for the land. The facts and circumstances existing at the time the several propositions and contracts were entered into were fully developed in the proof. Appellant alleged and set out the same propositions and contracts asserted by appellee, copying the same writings in his pleadings, and did not allege any new or different contract from that disclosed by said written instruments. While it may be that the ground of objection that oral testimony could not be admitted to contradict or vary a written instrument, as urged by appellee in the court below as a reason for the exclusion of said evidence, was not sufficient for that purpose, still we are of opinion that the proposed evidence, which was itself largely a matter of opinion, would not have changed the result had it been admitted.

The second assignment, which complains of the action of the court in

admitting the minutes of the Commissioners Court of Martin County for the years 1888 and 1889 to show the valuation placed by that court on the lands in controversy for those years, can not avail appellant, though the testimony was erroneously admitted, because there was no finding upon the issue, and the error was an immaterial one.

The third assignment complains that the court refused and failed to find what it was, and its amount, that entered into the consideration for the purchase and sale of said land over and above the sum of $7000 mentioned in the deed. The answer to this assignment is, that no additional finding was requested, and the general finding that other considerations than money entered into the purchase was not specially excepted to. A general exception will not reach such a defect.

The fourth assignment complains that the court erred in giving rent to plaintiff below on the land from November 17, 1883, and this assignment we think is well taken. Plaintiff did not take possession of the land or use it in any way until the spring of 1885, so far as the record shows. There seems to have been no effort to disaffirm the sale until the year 1888. As improvements were not allowed, if this suit be treated as an action of trespass to try title, appellee was not entitled under the statute to recover rents for more than two years preceding the institution of this suit; if it be treated as an equitable suit to rescind a sale, then the rents at most should not have extended beyond such time as a purpose was manifested on the part of appellee to rescind said sale—certainly not beyond the time when appellant took possession in the year 1885.

The fifth assignment, that appellant should have been allowed the amount of taxes, etc., paid by him, is not well taken.

The one remaining assignment complains of the action of the court in refusing to allow appellant the value of his improvements placed on the land, aggregating the sum of $7820. This presents the most serious question in the case. The court below, in the seventh conclusion of facts, found that there was no actual or intended fraud in the sale or purchase of said land; but in the eighth conclusion found that defendant was not a purchaser in good faith, entitled to pay for his improvements. Doubtless the court rested his determination of the issue of improvements in this case upon our statute on that subject and the decisions construing it. In this we think there was error. While appellee brought the suit in trespass to try title, the purpose of the action was to annul a deed executed by the county of La Salle to appellant, for want of authority in said county to sell on the terms agreed upon. Appellant in his answer set up his equities as vendee under the contract sought to be annulled, and alleged the money paid appellee and the valuable improvements made under the contract upon the land sought to be recovered. We think under our system that the case as thus presented should have been treated as a suit for rescission, in which " the right to the value of improvements and the

measure of its allowance" should "depend on principles of equity, and not on the provisions of the statute regulating the action of trespass to try title." Patrick v. Roach, 21 Texas, 256; Eberling v. Deutscher Verein, 72 Texas, 341.

We are of opinion that the judgment should be affirmed as to the recovery of the land, and reversed and remanded for further proceedings in reference to the other issues involved, and it is accordingly so ordered.

*Reversed and remanded.*

Delivered October 25, 1892.