## C. C. SLAUGHTER v. COKE COUNTY.

Decided February 21, 1904.

**1.—Bona Fide Purchaser Under Executory Contract—Legal Title—Fraud.**

Where the original vendor of land brought suit for it and, in effect, to rescind an executory contract of sale thereof, the defendant, who had purchased from the vendee in such contract, was not entitled to defend as an innocent purchaser, as against fraud of his vendor in the procurement of the contract, since he was not a purchaser of the legal title. Following York v. McNutt, 16 Texas, 13, and National Oil Co. v. Teel, 95 Texas, 586.

**2.—Same—Purchaser of Equitable Title.**

Where the purchase is only of the equitable title, it is taken with all its imperfections and equities, notwithstanding a valuable consideration may have been given, and there may have been no notice of the equity or defense against the title.

**3.—Same—Purchaser Under Quitclaim Deed.**

Under a deed by which the grantor "bargains, sells and transfers all my [his] right, title, interest and claim" in and to the land, with warranty restricted to adverse claims through or under the grantor, the grantee takes only such title as the grantor had, and must be denied the benefits of a plea of bona fide purchaser. Following Hunter v. Eastham, 95 Texas, 651.

**4.—Agency—Proof of—Commissions Paid.**

Upon the issue of whether or not K. was the agent of a county in a sale of its school lands it was competent to show that the county paid him $300 as commissions for making the sale.

**5.—Charge Excluding Evidence.**

Complaint of the admission of certain testimony is unavailing where the court expressly instructed the jury not to consider such evidence.

**6.—Laches—Action for Rescission.**

In an action to rescind a land contract for fraud, brought within four years from the making thereof, and in which it was not shown when the vendor was apprised of the fraud, a plea of laches presented no defense, and there was no error in the court's refusal to submit it to the jury.

**7.—Charge—Invited Error.**

Appellant can not complain that the trial court submitted to the jury special instructions requested by himself.

**8.—Trial—Juryman Asleep.**

Complaint is unavailing that one of the jurors slept throughout the greater part of the argument of appellant's counsel where counsel made no request to have the juror awakened.

**9.—Rescission—Equitable Relief—Trespass to Try Title.**

In an action of trespass to try title involving the rescission of a contract made by plaintiff, the equities growing out of the transaction are not to be controlled absolutely by the provisions of the statute with reference to the formal action of trespass to try title, and hence it was not error, where there was a judgment for the plaintiff in such an action, with judgment for defendant for recovery back of purchase money paid, for the court to allow interest on the purchase money, although interest had not been prayed for or tendered.

Appeal from the District Court of Mitchell. Tried below before Hon. James L. Shepherd.

*G. G. Wright* and *K. R. Craig,* for appellant.

*F. L. Snodgrass,* for appellee.

SPEER, ASSOCIATE JUSTICE.—On July 1, 1899, Coke County, acting through her Commissioners Court, entered into the following contract with R. S. Ferrel, to wit:

"State of Texas, County of Coke. Know all men by these presents, that this contract of sale, made and entered into this the 1st day of July, 1899, by and between the County of Coke, State of Texas, acting by and through her county judge, M. H. Davis, by virtue of an order of the Commissioners Court of the said Coke County, Texas, issued at the special term of said Commissioners Court, in Robert Lee, Texas, on the 27th day of June, 1899, of which the following is a true copy: 'Court met pursuant to adjournment June 27, 1899. Present and presiding the same as yesterday; when the following proceedings were had and ordered spread upon the minutes of this court: It is ordered by the court that the proposition of purchase of the Coke County school leagues Nos. 125, 126, 127 and 128, situated in Cochran County, Texas, belonging to the school fund of the said Coke County, Texas, for the sum of $14,000 on contract for deed, payable on or before twenty years' time, with interest at the rate of 5 per cent per annum; interest payable semiannually in advance, be and the same is hereby accepted, and the Hon. County Judge, M. H. Davis, is hereby authorized and empowered to close said sale. Approved, M. H. Davis, County Judge.' Said vendor is hereinafter styled party of the first part, and R. S. Ferrel, of the county of Tarrant, and State of Texas, hereinafter styled party of the second part, witnesseth: For the considerations hereinafter named, the party of the first part, by the terms hereof, contracts the sale of the lands belonging to the school fund of said Coke County, Texas, situated in Cochran County, Texas, to the party of the second part, the same being known and described as school leagues Nos. 125, 126, 127 and 128, each of 4428 acres, aggregating in all 17,712 acres of land, for the sum of $14,000, paid and to be paid as follows, to wit: The sum of $2000 cash in hand, the receipt of which is hereby acknowledged, and the sum of $12,000 or any part thereof upon any interest-paying date in sums of $1000; on or before twenty years after date of this contract, with interest at the rate of 5 per cent per annum; interest payable semiannually in advance on or before the 1st day of July, 1899, in the sum of $300, and $300 on or before the 1st day of January, 1900, and $300 on or before the first day of each succeeding July and January. Said interest in full shall be paid unless said party of the second part, or his legal heirs or assigns, has paid part of said principal as herein contracted, in which event said 5 per cent per annum shall be calculated upon the amount remaining unpaid. And it is specially provided that should the party of the second part or his legal heirs or assigns fail or refuse, for sixty days after any one semiannual interest becomes due, to pay the same, then this obligation to become null and void and of no binding force and effect upon either party hereto, and all improvements and appurtenances situated upon the said premises shall then become the property of the said Coke County, Texas, or her legal assigns, and the party of the first part may re-enter and take possession of said premises, and hold as in her former estate, and thereupon

this contract of sale and everything herein contained shall cease and be null and void, and all claims for money paid upon this contract, whether as principal or interest, shall be forfeited to the party of the first part, and all claims for damages by reason of such re-entry being hereby expressly waived by the party of the second part, and the party of the first part shall have no rights thereunder for a specific performance hereof.

"To have and to hold the above and foregoing described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the party of the second part, his heirs and assigns forever; when the whole of said principal and interest has been fully paid. The said party of the first part agrees and binds said Coke County, himself and successors in office, to make good and valid fee simple title to above and foregoing described lands to second party, and warrant and defend all and singular the said premises unto the said party of the second part, his heirs and assigns, against all persons whomsoever lawfully claiming or to claim the same or any part thereof, when the whole of said principal and interest as herein contracted has been fully paid.

"In testimony whereof, witness our hands, in the capacity and office herein stated, at Robert Lee, Coke County, Texas, this the 14th day of August, 1899.

"J. H. BURROUGHS,

"County Commissioner Pre. No. 1.

"J. C. NEWTON,

"County Commissioner Pre. No. 3.

"G. W. PAYNE,

"County Commissioner Pre. No. 4.

"County Commissioners of Coke County, Texas.

"R. S. FERREL."

This contract was acknowledged by the several parties signing the same at about the date of its execution. Subsequently, on to wit, August 26, 1899, R. S. Ferrell executed and delivered to C. C. Slaughter, the appellant, the following deed of conveyance to said land:

"The State of Texas, County of Tarrant. Know all men by these presents: That I, R. S. Ferrel, of the county of Tarrant and State of Texas, for and in consideration of the sum of $100, and other valuable considerations thereto moving, the receipt of which is hereby acknowledged; to me in hand paid by C. C. Slaughter, of the county of Dallas, and State of Texas, have bargained, sold and transferred, and by these presents do sell, bargain and transfer unto the said C. C. Slaughter, all my right, title, interest and claims in and to all those certain tracts or parcels of land, situated in Cochran County, Texas, and known and described as follows, to wit: All that certain tract or

parcel of land known and described as the Coke County school league, and numbered 127, 128; each of 4428 acres, and aggregating in all 17,712 acres of land; the same being the land transferred to me by the county commissioners of Coke County, Texas, by virtue of an order issued out of the Commissioners Court of the said Coke County, Texas, passed at an extra call session of said court on the 27th day of June, 1899, and duly recorded in the minutes of the said Commissioners Court of the said Coke County, Texas, in book volume 2, on page No. 92, and also by virtue of an order of 'approval of sale' as made to R. S. Ferrel, passed at the regular term of said Commissioners Court, on the 14th day of August, 1899, and duly recorded in the minutes of said court in book volume 2, page —, and to which orders, and contract for deed duly signed and executed by said R. S. Ferrel, reference is here made for a more specific description of said land, and same is made a part of this contract. Also, all that certain tract or parcel of land known and described as the Brewster County school leagues, and numbered 93, 94, 95 and 96; each of 4428 acres; aggregating in all 17,712 acres of land, being the same land conveyed to me by the county judge of said Brewster County, Texas, by virtue of an order issued out of the Commissioners Court of said Brewster County, Texas, as entered upon the minutes of said Commissioners Court of said Brewster County, Texas, and duly recorded in book vol. —, page No. —, and transferred to me by the county judge the 4th day of August, 1899, by contract for deed, and to which contract for deed and order of said court reference is here made for a more specific description of said land, and the same is made a part of this contract; and I, the said R. S. Ferrel, do hereby transfer, sell and confirm unto the said C. C. Slaughter of the county of Dallas, State of Texas, his heirs and assigns, the said before mentioned premises, together with all and singular, the hereditaments and appurtenances thereto in anywise belonging or appertaining.

"To have and to hold the above described premises unto the said C. C. Slaughter, his heirs and assigns, forever; and I do by these presents bind myself, my heirs and administrators, to forever warrant and defend the title to the said premises unto the said C. C. Slaughter, his heirs and assigns, and against the claims or claim of all persons whomsoever lawfully claiming the same or any part thereof by, through or under me.

"In testimony whereof, I have set my hand at Kansas City, Mo., this the 26th day of August, 1899.

"R. S. FERREL."

Appellee, Coke County, instituted this suit to recover from appellant the four leagues of Coke County school land described in the above instrument. While the action is in form one of trespass to try title, it is in reality an action to rescind the contract of sale to Ferrel

upon the ground that one W. E. Kaye, who acted as the agent for Coke County in making said sale, was in reality either the purchaser of the lands himself in the name of Ferrel, or if not, was the agent of said Ferrel in such negotiations. Appellant, besides his general denial and plea of not guilty, pleaded that he was a purchaser in good faith from Ferrel, without notice of the equities asserted by the county. Judgment after trial before a jury was for the county, and Slaughter appeals, the other defendants, R. S. Ferrel and W. E. Kaye, having disclaimed.

Without discussing in detail the various assignments of error presented, we think it sufficient to note our conclusions upon the question of whether or not appellant is in a position to rely upon his plea of purchase in good faith, in ignorance of the duplicity of the agent Kaye, upon which the county relies principally for a rescission of its contract.

In National Oil and Pipe Line Company v. Teel, 95 Texas, 586, which was a suit brought by Teel to cancel two certain contracts which purported to convey to one Nicholson the right to bore for and take away the oil, gas and other minerals upon a tract of land, which contract had by Nicholson been assigned to one Mundy, and by him in turn assigned to the oil and pipe line company, the pipe line company made answer that it was a purchaser for value without notice of the fraud of Nicholson upon which Teel relied to avoid the contracts. Disposing of the case, Chief Justice Gaines made use of the following language: "Treating the contracts as if supported by a consideration, the question recurs, can the assignee of such a contract, or the vendee of the right secured by it, shield himself against the fraud of his assignor in its procurement, by showing that he is a purchaser for value without notice of the fraud. We have found but one case in our reports in which a like question was construed, and it seems decisive of the point against the plaintiff in error. In York's Administrator v. McNutt, 16 Texas, 13, McNutt gave one Hughes a bond for title for a tract of land, the consideration being money won at cards; Hughes sold the land to one Cox, who sold again to York. It was held that the fact that York occupied the position of an innocent purchaser did not entitle his administrator to recover the land. In disposing of the case Chief Justice Hemphill says that 'it must be admitted that there is great apparent hardship in affecting subsequent vendees with all the equities, though latent, which may subsist between the vendor and the first vendee where the sale is only of the equitable title, and especially so where the rule is well established that a subsequent purchaser without notice will be protected against the equities of the vendor or those caiming in privity under him. But it appears very clear from the authorities that the protection given to purchasers for valuable consideration without notice extends only to cases where they have taken a conveyance; in other words, where they have purchased the legal title. Dart on Vendors, 462; 4 Dess., 274; 8 Cranch, 462; 10 Pet., 177; 7 Pet., 252. But

where the purchase is only of the equitable title, it is taken with all its imperfections and equities, notwithstanding a · valuable consideration may have been given, and there may have been no notice of the equity or defense against the title. 12 Serg. & R., 389; 2 Watts, 459. In the case of Chew v. Barnett, 11 Serg. & R., 380, the court say that when it is asserted that a purchaser for a valuable consideration takes the title free of every trust or equity of which he has no notice, it is intended of the purchase of a title perfect on its face; for every purchaser of an imperfect title takes it with all its imperfections on its head. It is his own fault that he confides in a title which appears defective, and he does so at his peril.' "

In the case from which the above quotation is taken the court treated the case as if fraud had been established by the evidence. We think a proper observance of the principles announced in these cases leads inevitably to the conclusion that Slaughter's plea in this case can ˙not avail him anything. It can not be denied that the contract between the commissioners and Ferrel gave to the latter at most only an equity in the land, which might ripen into a title upon the performance by said Ferrel of the various conditions therein imposed upon him. Appellant necessarily must take notice of the nature and extent of the rights he was acquiring from Ferrel by a purchase from him; he necessarily knew that Ferrel had no title, and that whatever equities there were in favor of the county might be asserted by it against him the same as against Ferrel. Furthermore, if this were not true, in view of the verdict of the jury upon the issues submitted to them, we would nevertheless be constrained to hold that appellant would be denied the benefits of his special plea in this case by reason of the nature of the instrument under which he holds from Ferrel. In Hunter v. Eastham, 95 Texas, 651, an instrument in no essential particular different from the deed under which appellant claims in this case was held to show, prima facie at least, that the purchaser took only such title as his grantor had. Independently of the decision referred to, we would prefer to hold the instrument in this case to be a conveyance of the land, but we nevertheless feel constrained by the authority cited to hold otherwise. We therefore think that in no event is appellant in a position to benefit by his purchase in good faith without notice of the fraud of the agent Kaye.

The fifth, ninth, twelfth and thirteenth assignments of error complain, in one form or another, of the admission in evidence of the fact that Coke County paid to W. E. Kaye the sum of $300 as commissions for making the sale of the Coke County school lands to Ferrel. It is insisted that such payment by the county to Kaye did not tend to prove the agency of said Kaye, but we are of opinion that the testimony was admissible for this purpose. ˙ It can not be argued that the Com-

missioners Court would make voluntary payment under such circumstances in the absence of an obligation upon their part to do so. The evidence at least tends to show the existence of such relation.

The eighth, tenth and eleventh assignments are overruled, because the court expressly instructed the jury to not consider the testimony the admission of which is complained of in these assignments.

Neither was there error in the court's refusing to submit to the jury the question whether Coke County had been guilty of such delay and laches in setting up the alleged fraud of Kaye as would defeat her right to avoid the sale on that ground. Such laches was not pleaded; but if the issue was made under the appellant's plea of not guilty, which is probably the case, nevertheless the question would be influenced largely by the application of the statute of limitations applicable to such a cause of action; and it being undisputed that less than four years had elapsed since the transaction, and it not appearing when the county was apprised of the fraud upon the part of its agent, the court made proper disposition of the requested charge.

Obviously appellant can not complain that the trial court submitted to the consideration of the jury his special instruction, wherein they were permitted to determine the question whether the deed from Ferrel to Slaughter was a quitclaim or a conveyance of the land.

Nor can we sustain the assignment which complains that the jury was guilty of misconduct, in that one of the jurors was asleep throughout the greater portion of the argument of defendant's counsel. Counsel for appellant should at least have asked that the juror be awakened.

It is insisted in the thirtieth assignment of error that, since it was developed on the trial that Coke County had parted with the right of possession of said land by a lease for a term of ten years from the —— day of ——, 1897, which lease belonged to appellant by assignment, for this reason Coke County was not entitled to recover either rents or possession from appellant. In reply to this contention it is sufficient to say, that no authority appears in the record for a subletting of the lands embraced in the lease by the original lessees to appellant. The original lessees, it seems, were made parties to this suit and disclaimed, as has already been shown. Moreover, it is doubtful if there is sufficient evidence in the record to show a lease at all.

What we have said disposes of all the issues raised by appellant, and those assignments not specifically discussed are also overruled.

By cross-assignment complaint is made that the verdict and judgment against appellee for the money paid by appellant on the contract of purchase included interest when none had been prayed for or tendered. But we are inclined to think the court, in the exercise of its equity powers in granting a rescission, might impose such condition. The equities growing out of the transaction, such as rents, improve-

ments and the like, are not to be controlled absolutely by the provisions of the statute with reference to the formal action of trespass to try title, but are to be governed by the general principles of equity.   Cassin v. La Salle County, 1 Texas Civ. App., 127, 21 S. W. Rep., 122.   We can not say the verdict and judgment in this case are wrong.

The judgment of the District Court is in all things affirmed.

*Affirmed.*

Writ of error refused.