### OLSAN BROS. et al. v. MILLER et al.
#### No. 5133.

Court of Civil Appeals of Texas.
Texarkana.

June 23, 1937.

Rehearing Denied Sept. 2, 1937.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiffs in error.

Beauchamp & Richardson, of Tyler, for defendants in error.

HALL, Justice.

Defendants in error were plaintiffs, and plaintiffs in error were defendants, in the court below, and will be so designated here.

Plaintiffs H. C. Miller, K. C. Miller, and Kenneth Clarence Miller instituted this suit in the district court of Rusk county against defendants Olsan Bros., a partnership composed of L. Olsan and J. Olsan and Olsan Bros., Inc., for title and possession of a 33¾-acre tract of land situated in Rusk county, Tex. In addition to the formal allegations in trespass to try title, plaintiffs alleged: "Plaintiffs show that they own said land in succession of title from Mrs. Daisy M. Bradford, through whom and by whom defendants claim an interest in said property, and that said Mrs. Daisy M. Bradford is the common source of title for the claim of all parties, plaintiffs and defendants."

Defendants answered by general demurrer, general denial, and plea of not guilty. Trial was to the court without a jury and resulted in judgment for plaintiffs for the title and possession of said land, from which judgment defendants have by writ of error appealed to this court.

It appears from the record that the land involved here is a part of a larger tract leased for oil and gas purposes to C. M. Joiner by Mrs. Daisy M. Bradford before the discovery of oil in the East Texas field. Joiner assigned this particular portion to plaintiffs and they in turn assigned the same to defendants. It is with respect to the forfeiture of this last assignment for failure to develop by defendants that this suit was brought. Some time before this suit was instituted Mrs. Daisy M. Bradford died, leaving plaintiffs as her only heirs at law. Defendants were not present in person nor represented by counsel at the trial of this cause on its merits in the court below, but their answers were on file among the papers in the case.

Defendants' first assignment of error is: "The plaintiffs seeking to recover title and possession to real property as heirs of Daisy M. Bradford, deceased, must affirmatively show that no administration was pending on the estate of Daisy M. Bradford, and that none was necessary, or that facts existed which would have entitled them to sue, irrespective of pending administration or necessity therefor, and not having made such proof, they were not entitled to maintain this suit, and the court erred in rendering judgment awarding to them title and possession of the real property described in their petition."

Plaintiffs' right to maintain this cause of action rested solely on their heirship to Mrs. Daisy M. Bradford, and it is evident both from their pleading and proof that plaintiffs brought this suit as owners of the land by inheritance from her. They stated in their pleadings that they "own said land in succession of title from Mrs. Daisy M. Bradford." The word "succession" is technical in its meaning and denotes, when applied to real estate, those who take by will or inheritance. As said in Quarles v. Clayton, 87 Tenn. 308, 10 S. W. 505, 507, 3 L.R.A. 170, by the Supreme Court of Tennessee: "It [succession] is a word which clearly excludes those who take by deed, grant, gift, or any form of purchase or contract." See, also, 7 Words and Phrases, First Series, p. 6745, Succession. Substantiating this allegation, H. C. Miller, one of the plaintiffs, testified that:

"Q. Mrs. Daisy M. Bradford was the fee owner? A. Yes, sir.

"Q. She is now dead? A. Yes, sir.

"Q. What relation was she to you? A. Sister.

"Q. What other brothers and sisters do you have? A. One brother, Kenneth.

"Q. Did she leave any descendents? A. No, sir.

"Q. She never had any children? A. No children.

"Q. Your parents are dead? A. Yes, sir.

"Q. You and Kenneth became her heirs? A. Yes, sir."

This witness also makes the statement that there is a deed conveying this property to his son, Kenneth, but the deed was not introduced in evidence, nor any excuse given for failure to introduce same, nor is there any information given in respect to the identity of the grantor, nor the date said deed was executed. This statement, standing alone, is not sufficient to show title in the son, Kenneth. So we are relegated to the allegation in plaintiffs' pleadings and the testimony as set out above as showing the capacity in which the plaintiffs brought this suit, and these point unerringly to one conclusion, that is, that they were bringing this suit as heirs of Daisy M. Bradford.

The general rule in this state is that where heirs bring a suit as such for title and possession of property, whether real or personal, belonging to the estate,

they must both allege and prove that there is no administration pending on said estate and no necessity for one. However, it has been held not to be necessary to make such allegation in a suit of trespass to try title. But, in a suit of this character, trespass to try title, the evidence must show the fact that there is no administration pending and no necessity for one. In Richardson v. Vaughan, 86 Tex. 93, 23 S.W. 640, opinion by Judge Gaines, it is said: "Since our statute casts the legal title of property belonging to the estate of deceased persons directly upon the heirs, (subject, however, to the payment of debts,) we think it might properly have been held that, after the lapse of a reasonable time without administration upon the estate, they should have the right to sue for the recovery of any chose in action or other property which had descended to them. But from an early day a different doctrine has been announced in this court, and it is now too late to depart from it. As a general rule, the holding has been that the heirs cannot sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for one."

In the recent case of Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W.(2d) 207, 208, by the Commission of Appeals, opinion adopted by the Supreme Court, the court states: "The plaintiff in error seeks to justify the trial court's judgment on the further ground that there is neither pleading nor proof to show that there is no administration pending on the estate of Mrs. J. M. Tunnell, deceased, and that no necessity exists therefor. It is quite true that, as a general rule, where heirs sue as such for property belonging to the estate of their ancestor they must both plead and prove facts of the character mentioned. *The cases in which this general rule has been applied to the full extent are cases in which the plaintiff's petition showed on its face the claim of heirship.* See Youngs v. Youngs (Tex.Com.App.) 26 S.W.(2d) 191, and cases there cited. In so far, however, as the matter of pleading is concerned, the rule is not applicable to a petition in trespass to try title which does not disclose on its face the fact that the claimants sue as heirs. Article 7366 of the statutes regulates the averments of petitions in trespass to try title. A petition of this sort which alleges nothing more than the statute prescribes is legally sufficient. Bridges v. Cundiff, 45 Tex. 440. In the present instance the petition of the intervenors simply follows the

statute. It was incumbent on them, however, to show by testimony that no administration of the estate of Mrs. Tunnell is pending and none is necessary. They failed to make this proof. This furnished legally sufficient ground for dismissal of their suit, but not for the judgment which the trial court rendered concluding the merits of their claim. In a case of this sort, proof of no administration and no necessity respects the right of the claimants to sue rather than the merits of their claim. See Youngs v. Youngs, supra; Richardson v. Vaughan, 86 Tex. 93, 23 S.W. 640; Giddings v. Steele, 28 Tex. 732, 733, 91 Am. Dec. 336; Patton v. Gregory, 21 Tex. 513, 514; Lacy v. Williams' Heirs, 8 Tex. 182." (Italics ours).

Many more decisions are available and could be cited upholding this rule of law, but we deem it unnecessary.

 In this case there is neither allegation nor proof of the fact that there was no administration pending on the estate of Daisy M. Bradford and no necessity for one. Plaintiffs' petition shows on its face that they are suing as heirs, and the evidence is that Daisy M. Bradford is dead and that plaintiffs are her sole heirs at law. This assignment presents error fundamental in its nature, and can be raised, as in this instance, for the first time in this court. Therefore we sustain the assignment of error. Youngs v. Youngs (Tex.Com.App.) 26 S.W.(2d) 191, and cases there cited. See, also, Provident Life & Accident Ins. Co. v. Johnson (Tex.Civ.App.) 235 S.W. 650; Lopez v. Calzado (Tex.Civ.App.) 281 S.W. 324.

 As said before, plaintiffs' action, though in the form of trespass to try title, is in fact one for cancellation of an assignment of an oil and gas lease for failure to develop, which relief can be obtained in an action of this character. Kauffman v. Brown, 83 Tex. 41, 18 S.W. 425; Cassin v. La Salle County, 1 Tex.Civ.App. 127, 21 S.W. 122; Slaughter v. Coke County, 34 Tex.Civ.App. 598, 79 S.W. 863; Tex.Jur. Vol. 41, p. 458, § 5. The defendants answered but did not appear either in person or by counsel at the trial of the case on its merits. So, under the circumstances, plaintiffs were required to prove only a prima facie case to entitle them to judgment. R.S. art. 7384. None of the other assignments brought forward by defendants were called to the attention of the trial court and are of no avail here. They do not present such

·error as can be raised for the first time upon appeal, and are overruled.

For the reasons indicated in our discussion of defendants' assignment of error No. 1, the judgment of the trial court is reversed, and the cause is remanded.

## On Motion for Rehearing.

■ Appellees have presented a vigorous motion for rehearing in which they assert that this is not a suit for a title to "land" but affects "the 7/8 oil and gas lease." And further it is stated in said motion "that this is not a suit to cancel a lease, but only the transfer from H. C. Miller to Olsan Brothers." We recognize this last statement in our opinion wherein we said "As said before, plaintiffs' action, though in form in trespass to try title, is one of cancellation of an assignment of an oil and gas lease for failure to develop." Appellees' contention seems to be that they brought this suit to cancel the assignment of an oil and gas lease from H. C. Miller to Olsan Bros. covering the land in controversy as assignors rather than as owners of the property by inheritance from their deceased sister, Mrs. Daisy M. Bradford, the original lessor in the lease to Joiner. If this were true, then appellees would have no interest in the subject-matter of the suit for the reason that H. C. Miller, by his assignment to Olsan Bros., conveyed all the interest he had in the land as is plainly shown by the assignment itself, introduced in evidence by appellees. There is no condition in the assignment authorizing a reversion of the leasehold interest under any circumstances to H. C. Miller as assignor of the lease to Olsan Bros. Appellees' petition alleged no grounds and contained no prayer for cancellation of the assignment of the lease. No facts were introduced in evidence authorizing cancellation of the assignment. There are facts in evidence tending to authorize a cancellation or forfeiture of the original lease. In such circumstances the leasehold estate would not revert to the assignors as such of the lease, but it would revert to the original lessor or those entitled to her estate. So we conclude here, as in our original opinion, that the only

standing appellees could possibly have had in the trial court was as owners of the land covered by said lease through inheritance from their deceased sister, Mrs. Daisy M. Bradford. Our conclusion in this regard is strengthened by the allegations in appellees' original petition wherein it is stated that they, appellees, are the owners of the land in controversy; that they were successors in title to same from Mrs. Daisy M. Bradford; their prayer for title and possession of the land and the removal of cloud therefrom; and the judgment of the court awarding to them title and possession of the land. This forces us to the conclusion that appellees brought this suit as owners of the land by inheritance from their deceased sister, Mrs. Daisy M. Bradford, and not as assignors of a ·lease to Olsan Bros.

It is insisted by appellees that the allegation in the original petition that: "They own said land in succession of title from Mrs. Daisy M. Bradford, through whom and by whom the defendants claim an interest in said property, and that the said Mrs. Daisy M. Bradford is the common source of title for the claim of all parties, plaintiffs and defendants," was an allegation simply of common source and was meant for no other purpose. We have no doubt but that appellees are correct in this statement, yet this allegation, taken together with the allegation of ownership of the land and their prayer for relief, undoubtedly has the effect of also alleging the ownership of the land by inheritance from appellees' deceased sister, Mrs. Daisy M. Bradford; and, having made this allegation showing clearly and unmistakably that the title they claimed to own was one of inheritance, or succession, from Mrs. Daisy M. Bradford, it was incumbent upon them to both plead and prove that there was no administration pending upon the estate of Mrs. Daisy M. Bradford and no necessity for one.

Every member of this court has carefully examined not only the motion of appellees for rehearing but also the entire record, and we are of the opinion that said motion is without merit, and it is therefore overruled.