WHITAKER v. McCARTY. (No. 122–2991.)

(Commission of Appeals of Texas, Section B. May 12, 1920.)

1. Executors and administrators ⬉423—Pending administration, property cannot be recovered unless there are no debts.

While it is the general rule that no person interested in an estate can sue to recover property while administration is still pending, there are exceptions to the rule, one of which is that such suit may be brought where no debts exist.

2. Homestead ⬉86—Not liable for debts, and widow is entitled to possession on husband's death.

Where land which was part of the community estate of a husband and wife was also the homestead, it is not liable for debts, and hence the widow may sue for possession after the death of the husband, although there is an administrator; the widow having title in fee to one half and a possessory right in the other half thereof, so that damages recovered were her property.

3. Judgment ⬉725(4)—Conclusive as to matters expressly decided, or which by necessary implication must have been decided.

Where the court had jurisdiction of a suit by a widow to recover lands which belonged to the community estate of herself and her deceased husband, and also were part of the homestead, the judgment in the widow's favor is conclusive, not only as to matters decided, but as to all matters which by necessary implication must have been decided to support the judgment.

4. Pleading ⬉106(1)—Objection that widow, instead of administrator, was suing for community lands should be raised by plea in abatement.

Objection that the widow, instead of the administrator of the deceased husband, was suing to recover lands which belonged to the community, and also constituted the homestead, should be raised by plea in abatement.

5. Appeal and error ⬉1241—Objection that action should have been brought by administrator instead of widow not available in action on appeal bond.

Where the widow sued for community property notwithstanding pendency of administration, and defendant made no objection at trial or on appeal, the supersedeas bond being made payable to the widow, defendant cannot thereafter, in an action on the bond, itself urge that the widow was without capacity to sue, particularly as the land, being part of the homestead, was not subject to debts, and, in view of her title to one-half and right to possession of the other, damages for withholding belonged to her.

6. Appeal and error ⬉1247—Reversal of judgment for widow will not be ordered because suit should have been brought by administrator.

Where defendant made no objection that an action to recover community property, which was also the homestead, should have been by the administrator of the deceased husband instead of the widow, and damages for withholding, duly assessed by a jury, appeared to be less than might well have been assessed a judgment in action on supersedeas bond brought by the widow will not, in view of her rights, be reversed and the cause remanded, the only effect of which would be to prolong the litigation and increase the costs.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Mary McCarty against B. F. Whitaker. A judgment for plaintiff was affirmed by the Court of Civil Appeals for the Seventh District, and defendant brings error. Affirmed.

See, also, 188 S. W. 502.

W. D. Wilson, of Spur, for plaintiff in error.

B. G. Worswick, of Dickens, and B. D. Glasgow, of Spur, for defendant in error.

KITTRELL, J. J. J. McCarty died March 21, 1906. Letters of administration were granted his son in May, 1906. It may be helpful to say that in the application for letters, it was set up, in substance, that the application was made at the request of all the other children—nine in number—for the purpose of paying debts and such expenses as might be incurred, and by agreement of the children to turn over all the land, cattle, and other property to the mother for her use during her life. On the trial, there was uncon-

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tradicted testimony to sustain this statement. Administration was still pending when this action was brought; the original administrator still being in office.

In 1912, the mother, defendant in error, recovered in an action in the district court of Baylor county against the plaintiff in error—suing in her own name and as of her own right—judgment for the possession of 120 acres of land, and for rents. Other parties recovered in the same action against the same defendant (plaintiff in error), but that fact is not specially relevant in this case. Plaintiff in error here gave a supersedeas bond, and in due course the judgment of recovery in favor of defendant in error was affirmed; and on December 10, 1913, writ of error was refused. The supersedeas bond was given to defendant in error in her own name and right, and final judgment was so rendered; and she was put in possession pursuant thereto on August 8, 1914. On October 31, 1914, she instituted this action on the supersedeas bond to recover the value of the rents and occupancy of the 120 acres of land, which it appears was community property and homestead. It may be well to state just here that in the trial of the case in Baylor county the right of the plaintiff in that case (defendant in error here) to sue in her own right was not called in question by plea in abatement, or otherwise; nor was any effort made to make her children parties to the action; but, as has been said, it proceeded to final judgment in her name.

In this case various and sundry pleas and exceptions were interposed, all of which were overruled; and upon trial she obtained judgment for something over $500, which judgment was affirmed by the appellate court of the seventh district. The case is before us substantially on two grounds: First, that the agreement of the children that the mother might have the use and possession and benefit of all the property could not avail to give her the right to sue, and that, there being an administrator in charge of the estate, she had no right to sue, and consequently the request for peremptory instruction in favor of defendant should have been given on the ground that the testimony revealed that the property was community property, and that there was an administrator in charge of the estate, who alone had the right to sue; second, that if she were allowed to recover at all, her recovery should be limited to one-half. It is suggested in the brief of appellee that, since it appears from the testimony that the jury would have been justified in finding a far greater verdict than was returned, it must have considered the question of her being entitled to only one-half. However, both requests for charges—first, for peremptory instruction; and second, limiting recovery to one-half—were refused; and such refusal is substantially the basis for the appeal and for the appellant's contention in this court.

## Opinion.

[1, 2] While it is a general rule that no person interested in an estate can sue to recover property of the estate while administration is still pending, there are exceptions to the rule, one of which is that such suit may be brought when no debts exist. The fact that the property sued for and recovered by the widow in the action in the Baylor county district court was community property, and was also the homestead, and hence not subject to the debts of the estate, created an exception equivalent to the nonexistence of debts.

Furthermore, she owned one-half of the property in fee, and had possessory right to the other one-half during her life. Railroad Co. v. Knapp, 51 Tex. 600. This being true, the damages recovered against plaintiff in error were her property.

[3] Under such circumstances, she had the right to sue independent of the adjudication of that right by the decree of the district court of Baylor county, which judgment is conclusive as to all matters in issue, either expressly or by necessary implication, which must have been decided in order to support the judgment. Shook v. Shook, 145 S. W. 699.

[4-6] Obviously the district court of Baylor county found and held that she had the right to sue and recover, which judgment the appellate court affirmed. Neither in the action in Baylor county nor in the action out of which this appeal arose did plaintiff in any manner, or by any character of pleading, attempt to call in question the right of the defendant in error to sue, but in this action sought to raise the question on the trial by objections to testimony and by special charges. That he should have resorted to plea in abatement is settled law. May v. Slade, 24 Tex. 208; Railroad Co. v. Knapp, supra.

Had he done so successfully, the administrator could at once have made himself a party in his trust capacity, and would doubtless have done so, and the case have proceeded to trial.

Though the administration was still pending when the cause in Baylor county was filed and when it was tried, defendant in error recovered as of her own right, the judgment was rendered in her favor for the land and the rents, the supersedeas bond named her as obligee; judgment was affirmed in her favor, and by mandate of a proper court she was put in possession.

That judgment was the determination by a court of competent jurisdiction of her right to the land and to the value of the use and occupancy; and the plaintiff in error cannot be now heard to question its binding force, but the question must be treated as res adjudicata.

Should the case be sent back for new trial, there could be but two issues: First, what

party has the right to sue? Second, how much damages should be recovered?

The latter question has been determined by a jury, and there is practically no complaint of the amount. Indeed, it is less than the evidence would have justified.

The right of defendant in error to maintain the suit out of which this arose cannot, we think, be questioned. Certainly not when her right was not called in question by proper pleading at the proper time.

The result of a remand would be a prolongation of litigation and increased expense in order to arrive at a result that has already been obtained by a trial in which the plaintiff in error had every opportunity to interpose all defenses that were maintainable. Manifestly, the justice of the case has been obtained, and when that result has been reached, litigation should end.

Even conceding the technical correctness of appellant's contention, and the applicability of the authorities cited to the facts of the particular cases, to remand the case could not possibly serve any useful purpose, but would amount to a sacrifice of right on the altar of precedent, which should never be done.

The judgment of the trial court and that of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.