THE PURE OIL COMPANY V. H. B. TUNNELL ET AL.

No. 6415.   Decided October 9, 1935.
(86 S. W., 2d Series, 207.)

*Clyde A. Sweeton, David T. Searls,* and *Vinson, Elkins, Sweeton & Weems,* of Houston, for plaintiff in error.

˅ It was error for the Court of Civil Appeals to hold that a parol sale of land, accompanied by the payment of consideration and the surrender and possession of the land to the vendee, did not pass title to the land to such vendee. Kinney v. Vinson, 32 Texas, 126; League & Lufkin v. Davis, 53 Texas, 9; DeProy v. Progakis, 259 S. W., 620; 20 Texas Jur., 264, 353.

*Butler, Price & Maynor,* of Tyler, for defendants in error.

A parol gift or sale of land is invalid. Hooks v. Bridgewater, 111 Texas, 122, 229 S. W., 1114.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit originally was a suit of trespass to try title to a tract of land in Van Zandt County, instituted by Mrs. C. B. Moore and others against The Pure Oil Company and others. In due season, the defendants in error H. B. Tunnell and others intervened in the suit. The petition of intervention is in the statutory form of trespass to try title to an undivided one-half interest in the said tract of land. After due severance, the suit of the interveners against the original plaintiffs and defendants came to trial,—the latter pleading not guilty in answer to the plea of intervention. The trial occurred in January, 1931. At the conclusion of the testimony the trial court peremptorily instructed the jury to return a verdict against the interveners. The verdict being returned, judgment was entered that the interveners "take nothing by their suit." From this judgment the interveners appealed and the Court of Civil Appeals reversed the judgment and remanded the cause. 53 S. W. (2d) 324. The Pure Oil Company applied to the Supreme Court for the writ of error which has been granted.

The evidence introduced at the trial is undisputed. The facts are as follows: In the year 1896, J. M. Tunnell by valid deed acquired title in fee simple to the land in controversy. Tunnell was a married man, and the land was the community property of himself and wife. Mrs. Tunnell died in September, 1922. The interveners are her heirs—one being her grandchild and the others her children. In 1905, J. M. Tunnel made an oral sale of the land to one J. J. Brawner, receiving a valuable consideration from Brawner, and putting him in possession of the land. There is no evidence to show that Brawner made any improvements on the land. Neither J. M. Tunnell nor his wife ever claimed the land after this sale transaction occurred. Brawner is a stranger to this suit.

■ The plaintiff in error, The Pure Oil Company, undertakes to sustain the judgment of the trial court on the ground that title to the land outstands in Brawner. Under Article 1288 of the Revised Statutes, the oral sale to Brawner in 1905 was, at all events, ineffectual to convey the legal title to the land. Even if it could be said that, under the facts, Brawner acquired the equitable title, still the defense of outstanding title would not be available to a mere trespasser such as the plaintiff in error. Shields v. Hunt, 45 Texas, 424; Johnson v. Tim-

mons, 50 Texas, 521; Fitch v. Boyer, 51 Texas, 336; Tapp v. Corey, 64 Texas, 594; Capt v. Stubbs, 68 Texas, 222, 4 S. W., 467. It was said long ago, in Shields v. Hunt, that "a mere intruder upon the land cannot call upon the plaintiff to show that a recovery will not inure to his own benefit instead of some one else who may be equitably entitled to claim the land from him." It is needless to consider whether the defense of outstanding title would have been available to the plaintiff in error if J. M. Tunnell, after the death of his wife, had duly executed a deed for the purpose of completing the conveyance which was contemplated by the parties to the sale transaction of 1905. No such question arises from the record before us.

■ The plaintiff in error seeks to justify the trial court's judgment on the further ground that there is neither pleading nor proof to show that there is no administration pending on the estate of Mrs. J. M. Tunnell, deceased, and that no necessity exists therefor. It is quite true that, as a general rule, where heirs sue as such for property belonging to the estate of their ancestor they must both plead and prove facts of the character mentioned. The cases in which this general rule has been applied to the full extent are cases in which the plaintiff's petition shows on its face the claim of heirship. See Youngs v. Youngs (Com. App.), 26 S. W. (2d) 191, and cases there cited. In so far, however, as the matter of pleading is concerned, the rule is not applicable to a petition in trespass to try title which does not disclose on its face the fact that the claimants sue as heirs. Article 7366 of the statutes regulates the averments of petitions in trespass to try title. A petition of this sort which alleges nothing more than the statute prescribes is legally sufficient. Bridges v. Cundiff, 45 Texas, 440. In the present instance the petition of the interveners simply follows the statute. It was incumbent on them, however, to show by testimony that no administration of the estate of Mrs. Tunnell is pending and none is necessary. They failed to make this proof. This furnished legally sufficient ground for dismissal of their suit, but not for the judgment which the trial court rendered concluding the merits of their claim. In a case of this sort, proof of no administration and no necessity respects the right of the claimants to sue rather than the merits of their claim. See Youngs v. Youngs, supra; Richardson v. Vaughn, 86 Texas, 93; Giddings v. Steele, 28 Texas, 733; Patton v. Gregory, 21 Texas, 514; Lacy v. Williams, 8 Texas, 182.

The judgment of the Court of Civil Appeals reversing the trial court's judgment and remanding the cause is affirmed. Opinion adopted by the Supreme Court October 9, 1935.