**WILSON et al. v. WILSON et al.**

**No. 6391.**

Court of Civil Appeals of Texas. Texarkana.
Nov. 11, 1948.

Rehearing Denied Nov. 25, 1948.

Sellers, Fanning & Edwards, of Sulphur Springs, for appellants.

Shelburne H. Glover, of Texarkana, for appellees.

HARVEY, Justice.

Mrs. Herman Wilson, joined pro forma by her husband, sued Elmer Wilson and others in the District Court of Cass County, Texas, in trespass to try title to a house and lot, a part of the William Burris Headright Survey, in the town of Hughes Springs. Upon the trial of the case, it developed that plaintiffs' cause of action was based upon an alleged parol gift of the premises in question. Judgment was entered in favor of the plaintiffs upon a jury verdict, and defendants have perfected an appeal therefrom to this court.

The facts in this case disclose that J. C. T. Wilson owned the tract of land in controversy; that he, his daughter-in-law, Mrs. Herman Wilson, and her husband lived together in the house located on the premises; that about January, 1942, J. C. T. Wilson died, leaving four children as his only heirs, one of whom was a plaintiff

herein and the other three were defendants.

The petition of plaintiffs was in statutory form in trespass to try title. It did not contain an allegation that no administration was pending upon the estate of J. C. T. Wilson, deceased, nor that an administration was unnecessary. In Texas the rule is well settled that in a trespass to try title suit in the statutory language it is not necessary to allege that no administration is pending and none necessary. Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W.2d 207. If during the trial, however, it develops that the cause of action is one in which assets are involved which may be decreed a part of the decedent's estate, then it becomes necessary as a jurisdictional matter to prove that no administration is pending and none necessary; absent such proof, the proper judgment to be entered by the court is one of dismissal. In the instant case, a statutory trespass to try title suit, it was unnecessary for plaintiffs to include in their petition any allegation with reference to the pendency of an administration on the estate of J. C. T. Wilson, deceased. After it became apparent that the suit was one pertaining to part of the assets of J. C. T. Wilson's estate it became necessary to prove that there was no administration on his estate and none necessary. This proof was supplied by the testimony of Herman Wilson to the effect that he filed an application for administration upon the estate of J. C. T. Wilson but never qualified. In addition, the defendants, appellants herein, in their answer stated that J. C. T. Wilson died intestate; that an application for administration was filed upon his estate, but that no administrator ever qualified therein. The record also shows that from the time of the death of J. C. T. Wilson, his son Herman Wilson, for a period of three and one-half years up to the time of the trial of the case looked after the estate and collected rents due it; that burial expenses, nurse's and doctor's bills, and taxes had been paid; that the heirs had received a partial distribution of the estate. Herman Wilson testified that after his father's death he kept the taxes and insurance premiums paid out of the rents and money on hand belonging to his father's estate and divided among the heirs whatever cash was left on hand after he did so. Also he stated that he paid the incidentals necessary and due; that all expenses incurred by Mr. Wilson were paid out of his estate. This testimony is sufficient to meet the requirement of showing that there was no necessity for an administration on the estate of J. C. T. Wilson.

Appellants by appropriate points present the contentions that the undisputed evidence shows that there was no present gift of the premises by J. C. T. Wilson to Mrs. Herman Wilson, and because the evidence indicates that the plaintiffs did not erect good and valuable improvements on the premises in reliance upon the alleged parol gift. We think the evidence amply supports the affirmative jury finding with respect to these matters. Several witnesses testified that Mr. J. C. T. Wilson told them that he bought the premises in question for Mrs. Herman Wilson, whom he called "Miss Lou"; that Mr. Wilson said that he was buying the property strictly for Mr. Herman Wilson's wife; that she had been so good to him that he was going to buy it for her. The record shows that J. C. T. Wilson had never lived with any of his other children, but had looked to Mrs. Herman Wilson for help and had lived with her and her husband for a long number of years; that when any matter arose pertaining to the house he would refer the inquiries to Mrs. Herman Wilson. One witness stated that J. C. T. Wilson told her that he bought the place for Mrs. Herman Wilson. After the place was purchased Mr. and Mrs. Herman Wilson and J. C. T. Wilson moved into the house; thereafter, improvements were made upon the premises by Herman Wilson, consisting of a barn, papering and painting, and other small items, of the total value of about $300. The sum of $1,100 was paid for the property by Mr. J. C. T. Wilson, and at the time of the trial it was estimated to be worth around $1,500. The value of the improvements placed on the premises in good faith in reliance upon the parol gift is sufficient to comply with the legal requirement that valuable improvements must be made upon realty in order to support a parol gift of

such premises. Davis v. Douglas, Tex. Com.App., 15 S.W.2d 232.

We are of the opinion that the point presented by appellants to the effect that the filing by Herman Wilson of an application for an administration on the estate of his father, in which he listed as a part of such estate the house and lot involved herein, operated as an estoppel against his wife to claim these premises under a parol gift from J. C. T. Wilson, is without merit. The wife is not estopped by unauthorized statements of a husband or any one else, especially in the absence of an acquiescence therein by her, or of a ratification of such acts. 23 Tex.Jur. 318; Blair v. Finlay, 75 Tex. 210, 12 S.W. 983; Putman v. Coleman, Tex.Civ.App., 277 S. W. 213. Mrs. Herman Wilson testified while she knew that her husband had an application prepared to be appointed administrator of his father's estate, she did not know what it contained and didn't know anything about it. There was no proof to the contrary.

The judgment of the trial court is affirmed.