**Mary Ellen COAKLEY, Appellant,**

v.

**F. M. REISING et al., Appellees.**

**Mary Ellen COAKLEY, Appellant,**

v.

**Sarah H. CONKLIN et al., Appellees.**

**Nos. 268, 269.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1967.

Rehearing Denied Dec. 28, 1967.

Orrin W. Johnson, Harlingen, for appellant.

Neal King, of Hill, King & McKeithan, Mission, for appellees.

## OPINION

SHARPE, Justice.

Mary Ellen Coakley, appellant here and plaintiff below, in 1947 filed two trespass to try title suits against appellees, defendants below, involving lands situated in Hidalgo County, Texas. The cases were by agreement tried together on title issues only, with a separate judgment of dismissal being entered in each case. The cases were consolidated in this court for the purposes of briefing and argument.

At the conclusion of the evidence upon motion of appellees the trial court dismissed both cases. The ground of appellees' motion was that the suits were brought and maintained by appellant in the wrong capacity, that is, in her individual capacity rather than in her capacity as the administratrix of the Estate of J. M. Collins, deceased. After granting the motions to dismiss and discharging the jury, the trial court thereafter denied appellant's motions to re-instate, to allow trial amendments, to allow introduction of further evidence, and her motions for judgments.

We have concluded that the orders of dismissal were proper and that the judgments of the trial court should be affirmed.

Appellant asserts seven points of error which appellees answer by eight counterpoints. We will first consider appellant's point one along with appellees' first counterpoint, reading as follows:

## "POINT ONE

"The Court erred in concluding that plaintiff, who stood in the position of sole heir to Collins' estate, who had been its principal creditor and was in reality the only person interested in recovery of these lands from defendants, could not prosecute her suits when there were no debts due at trial time by Collins' estate and the lands were threatened by loss through limitations if her causes were dismissed."

## "FIRST COUNTERPOINT

"The order of dismissal was correct because

(1) The administration of the estate of J. M. Collins was open as a matter of law;

(2) No estate tax return had been filed or release obtained so the plaintiff is not entitled to claim the estate in any but a representative capacity;

(3) Plaintiff did not prove the estate had no debt, and

(4) Plaintiff has recovered considerable taxable property claimed through the estate, and none of the offsetting claims she sought to prove in the trial court (but not the probate court) are cognizable at law."

The Statement of Facts reflects that after the close of all the evidence the following proceedings were had:

"MR. KING: May I make my motion, now, Your Honor.

THE COURT: Yes, the Court is ready.

MR. KING: Defendants move that this cause be dismissed because it was commenced and is maintained in the wrong capacity. That is to say, this suit is brought by Mary Ellen Coakley, a widow, and the claim of Mary Ellen Coakley asserted herein is the claim of the estate of Joseph M. Collins, Deceased, which estate is as a matter of law and express statutory direction still open, and because

the Plaintiff has not undertaken nor borne the burden of showing any of the few exceptions to the rule that a suit for the recovery of assets of an estate must be brought by the personal representative of the estate. Your Honor, I would like to direct your attention to the certificate in this exhibit that we put on, on our copy of the proceedings of the Joseph M. Collins Estate.

THE COURT: What does the certificate have in it, Counselor?

MR. KING: May I read it, Your Honor?

THE COURT: Yes, sir, go ahead.

MR. KING: 'That the above and foregoing seventeen pages comprise a full, true and correct copy of all the papers and orders which have been filed or entered in Cause No. 3557 on the Probate Docket of the County Court of Cameron County, Texas, styled 'In the Matter of the Estate of Joseph M. Collins, Deceased'. After diligent search, no record or entry is found to exist in the records of my office of an inventory, appraisement and list of claims of said estate, or of a finding of the judge with respect to the amount of inheritance taxes due and owing by the estate, or any instrument in writing approved by the State Comptroller of Public Accounts stating that no inheritance tax is due, or of any order closing the estate, or of any final accounting of the Administratrix of the estate.'

Now, I would like to direct Your Honor's attention to Article * * * to Section 410 of the Probate Code, and that section reads: 'No final account of an executor or administrator shall be approved, and no estate of a decedent shall be closed, unless the final account shows, and the court finds, that all inheritance taxes due and owing to the State of Texas with respect to all interests and properties passing through the hands of the representative have been paid. If no inheritance tax is due, such fact must be shown

by an instrument in writing, approved by the State Comptroller of Public Accounts, and filed with the final papers closing the estate'. That is Section 410 of the Probate Code, Your Honor. That has been the law since 1923.

This estate was opened, Your Honor, in 1943. Mrs. Coakley filed a bond, saying that it was to substitute for one that had been lost in 1949. She filed her bond in 1949, two years after this lawsuit was commenced. She said it was a substitute bond. Then in 1957, she came in and corrected the matter of the date of Joseph M. Collins' death by her testimony she had been mistaken in her first testimony about the date of his death. Those are the proceedings, and all of the proceedings. In her application here for probate, Mrs. Coakley represented to the Court that an administration was necessary, and the Court so found. All the administration that there has been has been the replacement of an allegedly lost bond, and a correction of the date of death of Mr. Collins."

–0–0–0–0–0–0–

"(Whereupon the Court proceeded to hear legal arguments by all Counsel, both in support of and against such motion, following which the following proceedings were had, to-wit:"

"MR. JOHNSON: May it please the Court, of course the Court understands that this is the first time I have heard of this thing in this case, and I haven't had the opportunity to read the authorities * .* *

THE COURT: The Court wouldn't claim to be so profound as to have remembered all of these cases that you have presented to the Court. But the Court has been concerned since the beginning of the case about this matter of jurisdiction, when it turns out from the evidence that the administration is still pending. I did not think about it, with-

out having the benefit of these cases. But it was a matter I figured Counsel had already looked into.

MR. JOHNSON: May I say this—I haven't looked into it as a matter of law, but I have looked into it as a matter of fact. The facts are briefly this * * * this twenty-two hundred debt, listed as the sole debt of the estate, and the assets which were listed as the sole assets of the estate then remaining in Cameron County, Texas, was a note secured by a deed of trust, and after this probate proceeding commenced, Mrs. Coakley was the then sole holder of the note, and the assets were foreclosed out through deed of trust sale, wiping out all of the assets of the estate and the only remaining debt of the estate, unless it should appear that this forty-seven thousand dollar debt was for some reason outstanding, which I can't see that it is. But if there is any question about this * * *

THE COURT: Counselor, I think the motion is good. If Counsel briefs it and finds that it is not good, you may make a motion to reinstate the cause. But I think it is good at this time.

MR. JOHNSON: Well, I would like leave to do two things * * * the first thing I would like to ask leave to do is to re-open long enough to state the facts about the note that is involved in the Cameron County * * *

THE COURT: Counselor, I have let you re-open twice already.

MR. JOHNSON: I understand, but the Court understands my situation * * *

THE COURT: I think that in a motion to re-open the case, if you make one, can set those facts out. But I think it is the duty of the Court, when you both have closed twice already to render the decision called for by the motion.

MR. JOHNSON: And the second request is a matter of whether or not I should amend to show the capacity that the person has filed * * * now, I am not going to ask for leave to do that at this time, because I have not read the authorities, but I may at * * *

THE COURT: Counselor, it is going to be the judgment of the Court that the motion be granted. I take it you know your rights, and if you come in on a motion and find that the Court is entirely wrong, you can move to set aside the order. But I think the Court should dispose of the case at this time, and I think the motion is good. You may prepare the order, and give Counsel his exception to the ruling of the Court."

The formal order of dismissal, entered on May 21, 1966 pursuant to the pronouncement of the trial court on May 18, 1966 reads in part as follows:

"And the plaintiff presented her evidence and rested; and the defendants presented their evidence and rested and after both parties had closed on May 18, 1966, the defendants moved that the cause be dismissed because it appeared that the plaintiff's claim, whether meritorious or not, is as a matter of law a claim belonging to the estate of Joseph M. Collins, deceased, now pending in the probate court of Cameron County, Texas, which estate is open and has not been closed, and that plaintiff has shown no exception to the rule that claims belonging to the estate of a decedent must be asserted by the personal representative thereof;

"And the court having heard such motion and the argument of counsel thereon and being of opinion that said motion is good and should be sustained;

"It is accordingly ORDERED, ADJUDGED AND DECREED that the plaintiff's cause numbered and styled as above be, and it is hereby, dismissed this 18th day of May, 1966. All costs shall be taxed to the plaintiff.

"To which action of the court plaintiff then and there in open court duly excepted."

The record reflects that in 1943 appellant secured the probate of the will of J. M. Collins in Cameron County, Texas. Will Collins was the named beneficiary under the will of J. M. Collins, deceased. Will Collins quit-claimed his interest in the Texas properties to appellant. The interests of Will Collins and of appellant through him were therefore subject to the administration on the estate of J. M. Collins. Appellant duly qualified as administratrix with the will annexed of the estate of J. M. Collins, deceased, by taking the oath and giving bond. In 1949 appellant replaced her first bond which was misplaced or lost with a new one. In 1957 appellant applied for and secured an order of the county court of Cameron County correcting the date of J. M. Collins' death which had been mis-stated in the original application and order probating his will. Appellant did not file an inventory, appraisement or list of claims of the estate, nor did she file an inheritance tax return or secure a tax clearance, nor did she close or attempt to close the administration on Collins' estate. In fact, appellant took only the steps hereinabove mentioned in said administration.

In support of their position that the instant suits were not properly brought by appellant individually, but that the same should have been instituted by her as administratrix of the estate of J. M. Collins, deceased, appellees rely upon the rule stated in Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801, 806 (1956) in which the court said:

"Article 1981 of our statutes provides that suits for the recovery of real and personal property belonging to the estate of a decedent may be instituted by the executor or administrator, and judgment in such cases is conclusive in the absence of fraud or collusion on the part of the representative. This statute states a general rule of procedure, and in the absence of circumstances requiring the intervention of equity vests in the personal representative the prior and exclusive right to bring such suits. It is clear, however, that the statute does not operate to deny in all cases the right of persons other than the executor or administrator to institute an action for the benefit of the estate. When administration is pending, the heirs are generally not entitled to maintain a suit for the recovery of property belonging to the estate, but in Barrera v. Gannaway, 130 Tex. 142, 105 S.W. 2d 876, we observed that there are exceptions to this rule as pointed out in the opinion of the Court of Civil Appeals in that case. The last mentioned opinion, which is found in 74 S.W.2d 717, 718, after stating the general rule governing the maintenance of suits by heirs, declares that:

"'Other exceptions to the general rule exist in cases where, there being an administration, it appears that the administrator will not or cannot act, or that his interest is antagonistic to that of the heirs desiring to sue. Rogers v. Kennard (54 Tex. 30, 37); Lee v. Turner, 71 Tex. (264), 266, 9 S.W. (149), 150; Modern Woodmen of America v. Yanowsky (Tex.Civ.App.) 187 S.W. 728.'

"If art. 1981 does not preclude the maintenance of suit by heirs under these circumstances, it is no obstacle to a suit by creditors in a similar case."

Appellees also rely upon certain statutory rules which they say have largely formalized case law concerning the subject of who may sue to recover the assets of an estate. One statute so relied upon is Section 410, Texas Probate Code, V.A.T.S., reading as follows:

"§ 410. Inheritance Taxes Must be Paid

"No final account of an executor or administrator shall be approved, and no estate of a decedent shall be closed, unless the final account shows, and the court finds, that all inheritance taxes due and owing to the State of Texas with respect to all interests and properties passing through the hands of the representative have been paid. If no inheritance tax is

due, such fact must be shown by an instrument in writing, approved by the State Comptroller of Public Accounts, and filed with the final papers closing the estate. Acts 1955, 54th Leg., p. 88, ch. 55."

Art. 14.20(B) Taxation-General Code, as amended 1965, is now in the same wording as Section 410, Probate Code. Former Art. 14.21, Taxation-General Code, until 1965 related to the same subject.

Appellant recognizes the general rule as stated in Chandler v. Welborn, supra, but under her point one contends that she was entitled to sue individually under three alleged exceptions to that rule, i. e., (1) that no debts existed at trial time against the estate of J. M. Collins, (2) Mrs. Coakley, the appellant and administratrix of Collins' estate are one, and (3) because there was a threat of loss to the estate through limitations. These contentions will be discussed in the order mentioned.

■ Under her contention that the non-existence of debts against the estate authorized her to sue individually, appellant relies primarily upon the case of Whitaker v. McCarty, 221 S.W. 572 (Comm.App., 1920, Judg.App.). While it is true that some language in the opinion lends support to appellant's contention here, analysis of the case reflects that it is distinguishable. In particular, it appears that Mrs. McCarty had brought a prior suit in Baylor County and had recovered a judgment in her own name against defendants who posted a supersedeas bond on appeal. The judgment in her favor was thereafter affirmed by the Court of Civil Appeals and writ of error was refused by the Supreme Court. Thereafter Mrs. McCarty filed a second suit (reported at 221 S.W. 572) on the said supersedeas bond seeking a recovery for the value of rents and occupancy of the land (which was homestead and community property) involved in the first case. In the second case the defendants questioned the right of Mrs. McCarty to sue individually while administration was pending on the

estate of her deceased husband. The trial court and Court of Civil Appeals in the second case held that under these conditions Mrs. McCarty could maintain the second suit individually. The Court pointed out that the property was homestead and not subject to debts of the estate, that Mrs. McCarty owned one-half of it in fee and had the possessory right to it during her lifetime. However, the essential holding of the Court is reflected in the following portion of the opinion:

"Though the administration was still pending when the cause in Baylor county was filed and when it was tried, defendant in error recovered as of her own right, the judgment was rendered in her favor for the land and the rents, the supersedeas bond named her as obligee; judgment was affirmed in her favor, and by mandate of a proper court she was put in possession.

"That judgment was the determination by a court of competent jurisdiction of her right to the land and to the value of the use and occupancy; and the plaintiff in error cannot be now heard to question its binding force, but the question must be treated as res adjudicata." 221 S.W. 573.

In the instant case, the appellant's right to sue individually has not been established in a prior suit. We do not believe that the language in the opinion of the Court concerning non-existence of debts when considered in the context of that case is authority for appellant's position here.

Under the first alleged exception appellant also places emphasis upon the case of Turner v. Pugh, 187 S.W.2d 598 (Tex.Civ. App., Amarillo, 1945, n. w. h.), on subsequent appeal Pugh v. Turner, 145 Tex. 292, 197 S.W.2d 822 (1946). In Turner v. Pugh, the court was primarily concerned with a question of admissibility of testimony alleged to be in violation of Art. 3716 V.A.C.S. (the "death statute" or "dead man's statute"). The court held that because at the time of trial the independent executrix was

a mere nominal party to the suit since all the legacies had been distributed, all the debts had been paid and nothing remained to be distributed, that the executrix could properly testify in a suit against Pugh based upon promissory notes given to her deceased husband. The court further held that the possibility that an amended inheritance tax return might have to be filed with the Federal Government did not prevent the independent administration from being closed, and that the executrix was not, therefore, a necessary party as distinguished from being a nominal party to the suit. Here we are not dealing with an independent administration nor an estate which has been fully administered. Instead, as above-stated, we are here considering an administration with the will annexed under the direction of the probate court, where nothing has been done by the administratrix in the probate court except taking the oath and giving bond. We do not regard Turner v̇. Pugh as authority for appellant's position here where she has wholly failed to administer the estate or to close it or to file the State Inheritance Tax Reports required by law. We further believe that other cases relied on by appellant in support of her position under the first alleged exception are all factually distinguishable.

Under appellant's claimed second exception which she says would authorize her to sue individually she relies upon the case of Lacy v. Williams, 8 Tex. 182 (1852) and cases therein cited as authority for her contention that where, as here, there is nobody else to call defendants to account, plaintiff may sue individually. Lacy v. Williams is not in point here. In that case it appeared that administration of the estate involved had been closed, there was no legal representative and no outstanding debts. The suit was brought by next friend for minor heirs and devisees who alleged that the defendants had colluded with a former executor while he was acting as such to convert certain property (slaves) to their own use. Lacy v. Williams does not support appellant's position here.

Under appellant's claimed third exception which she says would authorize her to sue individually, she relies on the contention that dismissal of the instant suits was not authorized because of threat of loss to the estate through limitations. Here appellant relies on the cases of Baker v. Hamblen, 75 S.W. 362 (Tex.Civ.App., San Antonio, 1903, n. w. h.) and Walker v. Abercrombie, 61 Tex. 69 (1884). In Baker v. Hamblen, it appeared the independent executor of the estate involved had died and no administrator with the will annexed had been appointed; that there had been no actual administration for about five years when Baker, as an heir brought suit. The court said that this was a necessary act for the preservation of the estate because there was a danger of loss to a part of the property by adverse possession, citing Richardson v. Vaughan, 86 Tex. 93, 23 S.W. 640 (1893). In the latter case the court said in part:

"Since our statute casts the legal title of property belonging to the estate of deceased persons directly upon the heirs, (subject, however, to the payment of debts,) we think it might properly have been held that, after the lapse of a reasonable time without administration upon the estate, they should have the right to sue for the recovery of any chose in action or other property which had descended to them. But from an early day a different doctrine has been announced in this court, and it is now too late to depart from it. As a general rule, the holding has been that the heirs cannot sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for one. In Walker v. Abercrombie, 61 Tex. 69, an exception was recognized. There three years had elapsed since the death of the ancestor, and no administration upon his estate had been applied for. The estate was alleged to be insolvent, and it appeared that the debt which was sought to be recovered was about to be barred by limitation. It would seem that, where a suit is necessary to preserve the prop-

erty, the right of the heirs to bring it ought to be maintained, especially where a considerable time has elapsed without administration. Creditors who have not seen proper to attempt the collection of their claims through the probate court are not likely to suffer any injury in such a case by permitting the heirs to sue. But in this case the allegations in plaintiff's petition do not bring them within any of the exceptions to the rule that the administrator must sue. It is not alleged that there are no debts against the estate, and it does not appear that any emergency existed which made a suit by the heirs necessary in order to preserve the claim." 23 S.W. 640–641.

In Walker v. Abercrombie, 61 Tex. 69 (1884) no administration had been taken out on the estate of Abercrombie. His surviving widow (to whom all their children had conveyed their interests) sued to recover the amount of a judgment rendered in favor of her husband more than six years prior to his death. In affirming a recovery for the widow the Court said:

"Here the subject matter of litigation would soon, in legal contemplation, be destroyed by lapse of time; those for whose benefit, chiefly, administration is granted had not seen proper to have an administration opened; sufficient time had elapsed to bar all debts not evidenced by writing; a *prima facie* case showing no interest of creditors in the fund is shown, and the beneficiary may not have been able to take out letters of administration."

The court further held that Mrs. Abercrombie could maintain the action in any event as survivor of the community.

We therefore hold that appellant has not brought her case within any recognized exception to the rule that ordinarily suits such as this should be brought by the administrator of the estate, particularly where the administration is still open and there is an administrator who may assert the causes of action belonging to the estate.

The estate of J. M. Collins is still to be administered. Until it is closed, the right to recover assets belonging to it is in the administratrix. Appellant as administratrix was required to take certain steps in the administration such as filing an inventory, appraisement and list of claims and annual accounts. She was required among other things to file a final account, secure its approval, and to apply for and secure an order closing the estate. An important and essential part of said administration was the determination of whether inheritance taxes were owed to the State of Texas. Such determination in the first instance was and is for the Probate Court in which the administration is pending. Until this is done under applicable statutes and case law the administration remains open. The probate court in which the administration is pending must determine if the estate is liable for inheritance taxes. If it is, the assets are available for payment. The interests of the legatee and those claiming through him are directly affected. Thus a claim for recovery of assets of the estate is one which should be brought by the administrator for the benefit of the estate. Here, allowing appellant to sue and recover individually would serve to circumvent the provisions of the Probate Code and Taxation-General Code. The situation is brought about by appellant's own conduct. If appellant recovers individually, without completing the still pending administration the State and others would have to investigate and institute suit to protect their rights. The burden is on administrator to take the steps concerning inheritance tax rights so the State will have notice prior to the closing of the administration. Under the facts disclosed by the record here, the claims to the properties in question belonged to the estate of J. M. Collins, deceased. The trial court correctly held that appellant failed to establish her right to recover individually.

We overrule appellant's first point and sustain appellees' first counterpoint.

Appellant's points two, five and six read as follows:

## "POINT TWO

"The Court erred in denying plaintiff an opportunity to review authorities and file a trial amendment joining herself in her capacity as administratrix when defendants, for the first time after all parties had rested in the hearing on title issues, moved to dismiss on the ground that plaintiff had sued in the wrong capacity as heir."

## "POINT FIVE

"The Court erred in failing, upon plaintiff's motion to reinstate the causes, to grant plaintiff's motion for judgment, render judgment for plaintiff upon title issues, and to hear the case upon damage issues."

## "POINT SIX

"The Court erred in overruling plaintiff's motion to adduce additional evidence."

Appellees' third counterpoint reads as follows:

## "THIRD COUNTERPOINT

"The trial court did not abuse its discretion in refusing the motions to file a trial amendment and to re-open the case because:

(1) The trial court was justified in not crediting the claim of surprise since the plaintiff had tried throughout the trial to prove by parol and hearsay that the estate was closed or no estate tax return was due;

(2) Prior to announcement of the order of dismissal, plaintiff's counsel stated he would not file a trial amendment 'at this time' and only asked leave to 'state the facts,' not to adduce additional evidence; the motions, being filed after dismissal, came too late;

(3) Plaintiff actually testified or proffered all the evidence she sought to offer to the extent of its admissibility;

(4) The evidence tendered after the trial was over was incompetent for the purpose for which tendered;

(5) The proposed trial amendment was an incomprehensible attempt to sue both for herself and for the estate and would, as a matter of evidentiary law, have necessitated the striking of evidence and resulted in the defendants winning on the merits."

Appellant's motions involved in her points two, five and six were all made after the trial court had pronounced its judgment of dismissal, although the formal order was entered later on. When the trial court pronounced the judgment of dismissal the trial was terminated. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Texas State Board of Examiners In Optometry v. Lane, 337 S.W.2d 801 (Tex.Civ.App., Ft. Worth, 1960, wr. ref.). Appellant's motion to file a trial amendment was then too late. 2 McDonald, Texas Civil Practice, 735–740, sections 8.07, 8.08. Under these conditions the trial court did not abuse its discretion in refusing to grant appellant's motions to file a trial amendment or to reinstate the cases or to adduce additional evidence. Appellant's points two, five and six are overruled.

Appellant's point three reads as follows:

## "POINT THREE

"The Court erred in the Reising Case in holding that Defendant Reising and his assigns were not estopped by the Judgment for Plaintiff * * * in Cause No. B–14,831—a suit involving a different tract under the same substantial chain of title—and barred by res judicata from asserting that the facts disclosed in that chain of title do not permit her to sue

and recover judgment against them in that capacity."

Cause No. B–14,831 in the 93rd District Court of Hidalgo County, Texas was brought by "Mary Ellen Coakley, a widow" against F. M. Reising and others. That was a trespass to try title suit involving another tract of land situated in Hidalgo County, Texas. Appellant says that an abstract of title filed in that case by counsel for Mrs. Coakley reflected substantially the same instruments relied upon by appellant in the instant case, with some exceptions relating to after-discovered original deeds which at the time of the prior suit were allegedly lost. The prior suit was terminated by an agreed judgment dated June 17, 1946, which contained among other recitations the following:

> " * * * the parties announced in open court that all matters in controversy had been settled and that the parties have agreed that the plaintiff should recover title and possession to the hereinafter described land and premises against all the defendants herein and that the defendant, F. M. Reising should pay all unpaid costs incurred in this case."
>
> * * * * * *
>
> "It is further ordered, adjudged and decreed that all other claims of all the parties to this suit not herein granted are hereby expressly denied."

Appellant contends that because of the said prior judgment the appellee Reising and his assigns were estopped and barred by res judicata from asserting that the facts disclosed in the chain of title in the prior suit prevent appellant from suing and recovering judgment individually in the present suit against appellees Reising, et al. We do not agree with such contention. The agreed judgment in the prior suit served to adjudicate the title to the other tract of land there involved. However, the estoppel of a consent judgment cannot be extended beyond the scope of the stipulation or agreement, and the judgment cannot be used for a purpose different from that contemplated by the arrangement of the parties. 50 C.J.S. Judgments § 705, pp. 160–161. A judgment works an estoppel only as to those facts actually and necessarily decided. Hanrick v. Gurley, 93 Tex. 458, 56 S.W. 330 (1900). 30–A American Jurisprudence 2d, Judgments § 149, p. 256; 33 Tex.Jur.2d, Judgments, § 105, pp. 623–24. Aside from the adjudication of title to another tract of land, we cannot determine what issues were actually and necessarily decided in the prior suit. Appellant's point three is therefore without merit and is overruled.

We pass now to a discussion of appellant's fourth point replied to by appellees' second counterpoint, which are as follows:

### "POINT FOUR

"The Court erred in holding that Defendants did not waive and were not estopped to assert motions to dismiss on the ground that 'the cause is commenced and maintained in the wrong capacity' when defendants filed no plea to that effect prior to trial under Rule 93(b), (c) and (e) and, with full knowledge of the capacity in which plaintiff sued and the administration proceedings upon which she relied did not present or disclose such dilatory matter at pre-trial hearings or otherwise and obtained the stipulation with plaintiff for trial of both cases on the merits without disclosing it."

### "SECOND COUNTERPOINT

"The motion to dismiss was timely because such motion was not well taken until the facts that the estate is open and that the claim to the land belongs to the estate developed on trial."

Appellant sued as "Mary Ellen Coakley, a widow". Her pleadings were formal trespass to try title petitions and did not disclose that appellant was suing as an heir or one who had acquired the rights of heirs.

The leading case on the plaintiff's burden in such circumstances and the proper trial court judgment where the requisite proof is not made is Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W.2d 207 (1935). There the trial court directed a verdict against the intervenors who had filed a petition in the statutory form of trespass to try title to an undivided one-half interest in the tract of land involved. The Court of Civil Appeals reversed and remanded. Tunnell v. Moore, 53 S.W.2d 324. The Supreme Court affirmed the judgment of the Court of Civil Appeals and held in part as follows:

"The plaintiff in error seeks to justify the trial court's judgment on the further ground that there is neither pleading nor proof to show that there is no administration pending on the estate of Mrs. J. M. Tunnell, deceased, and that no necessity exists therefor. It is quite true that, as a general rule, where heirs sue as such for property belonging to the estate of their ancestor they must both plead and prove facts of the character mentioned. The cases in which this general rule has been applied to the full extent are cases in which the plaintiff's petition showed on its face the claim of heirship. See Youngs v. Youngs (Tex.Com.App.) 26 S.W.2d 191, and cases there cited. In so far, however, as the matter of pleading is concerned, the rule is not applicable to a petition in trespass to try title which does not disclose on its face the fact that the claimants sue as heirs. Article 7366 of the statutes regulates the averments of petitions in trespass to try title. A petition of this sort which alleges nothing more than the statute prescribes is legally sufficient. Bridges v. Cundiff, 45 Tex. 440. In the present instance the petition of the intervenors simply follows the statute. It was incumbent on them, however, to show by testimony that no administration of the estate of Mrs. Tunnell is pending and none is necessary. They failed to make this proof. This furnished legally

sufficient ground for dismissal of their suit, but not for the judgment which the trial court rendered concluding the merits of their claim. In a case of this sort, proof of no administration and no necessity respects the right of the claimants to sue rather than the merits of their claim. See Youngs v. Youngs, supra; Richardson v. Vaughan, 86 Tex. 93, 23 S.W. 640; Giddings v. Steele, 28 Tex. 732, 733, 91 Am.Dec. 336; Patton v. Gregory, 21 Tex. 513, 514; Lacy v. William's Heirs, 8 Tex. 182."

The rules announced in Pure Oil Co. v. Tunnell, supra, have been followed in a number of cases among which are Dutchover v. Dutchover, 334 S.W.2d 569 (Tex. Civ.App. El. Paso, 1960, n. w. h.); Wilson v. Wilson, 216 S.W.2d 684 (Tex.Civ.App. Texarkana, 1948, wr. ref. n. r. e.); Gaston v. Bruton, 358 S.W.2d 207 (Tex.Civ.App. El Paso, 1962, wr. dism.).

In Dutchover v. Dutchover, supra, the court held in part as follows:

"An examination of appellants' pleadings reflects that the action in trespass to try title was framed in the formal manner authorized by Rule 783, Texas Rules of Civil Procedure. We believe the law in Texas is well settled that the plaintiff in a trespass to try title suit is not required to allege facts which show his right to sue, even though the action is one which seeks to affect assets of a decedent brought by or against the heirs within four years of the death, and it is not necessary, in a formal petition, to allege that there is no administration or need therefor, provided the pleading does not, on its face, show that the parties are heirs. Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W.2d 207; Fowler v. Roden, 129 Tex. 599, 105 S.W.2d 187; Antone v. Stiles, Tex.Civ.App., 177 S.W.2d 246.

\*   \*   \*   \*   \*   \*

"We do not agree with appellees' contention that the plaintiffs' petition, in a strictly formal trespass to try title action,

must contain an allegation that no administration was pending upon the estate of the deceased and none was necessary. If, during the trial, however, it develops, as it has here, that the cause of action is one involving assets which may be decreed a part of a decedent's estate, it then becomes necessary, as a jurisdictional matter, for the plaintiff to prove that no administration is pending and none is necessary. This, the appellants failed to do, and, in the absence of such proof, the only proper judgment to be entered by the trial court was the order of dismissal, and this was done. Wilson v. Wilson, Tex.Civ.App., 216 S.W.2d 684."

In Wilson v. Wilson, supra, the court held in part as follows:

"The petition of plaintiffs was in statutory form in trespass to try title. It did not contain an allegation that no administration was pending upon the estate of J. C. T. Wilson, deceased, nor that an administration was unnecessary. In Texas the rule is well settled that in a trespass to try title suit in the statutory language it is not necessary to allege that no administration is pending and none necessary. Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W.2d 207. If during the trial, however, it develops that the cause of action is one in which assets are involved which may be decreed a part of the decedent's estate, then it becomes necessary as a jurisdictional matter to prove that no administration is pending and none necessary; absent such proof, the proper judgment to be entered by the court is one of dismissal. In the instant case, a statutory trespass to try title suit, it was unnecessary for plaintiffs to include in their petition any allegation with reference to the pendency of an administration on the estate of J. C. T. Wilson, deceased. After it became apparent that the suit was one pertaining to part of the assets of J. C. T. Wilson's estate it became necessary

to prove that there was no administration on his estate and none necessary. This proof was supplied * * *." Therefore, plaintiffs could recover.

In Pure Oil Co. v. Tunnell the Supreme Court held that the trial court was authorized to dismiss the intervenors' trespass to try title suit, but not to render judgment against them on the merits, where they failed to prove on the trial that there was no administration on the estate of Mrs. Tunnell and no necessity therefor; and this related to the rights of the claimants to sue rather than the merits of their claim. In *Dutchover* the court held that where such requisite proof was lacking, the trial court order of dismissal was proper. In *Wilson,* the court recognized the applicable rule, but held that proper proof was made where an administrator never qualified as such. In *Gaston* the court recognized the applicable rule, but held that judgment for appellees was proper under an exception thereto which authorized a suit by heirs where the interest of the administrator was adverse to them.

It thus appears that appellees' motions to dismiss were timely made after the close of all the evidence on the ground that administration on the estate of J. M. Collins, deceased, was still open and that the trespass to try title claims belonged to his estate, rather than to appellant individually. Under the authorities hereinbefore cited, appellees did not waive nor were they estopped to assert their motions to dismiss at the close of all the evidence on the ground that they failed to file dilatory pleas under Rule 93(b), (c) and (e), Texas Rules of Civil Procedure. Appellant's point four is overruled and appellees' second counterpoint is sustained.

Appellant's point seven reads as follows:

"POINT SEVEN

"The Court erred in overruling plaintiff's Plea in Bar filed on December 4, 1965."

514

Appellant's contention here is based upon the action of the trial court taken at a prior trial of the instant case in severing title issues from other issues, and thereafter on motion for new trial setting aside a judgment rendered on such issues. The point is without merit. The actions of the trial court in the prior trial were proper and furnish no basis for appellant's present complaint.

The judgment of the trial court in each case is affirmed.