Mary Ellen COAKLEY, Petitioner,

v.

F. M. REISING et al., Respondents.

Mary Ellen COAKLEY, Petitioner,

v.

Sarah H. CONKLIN et al., Respondents.

No. B–698.

Supreme Court of Texas.

Dec. 31, 1968.

Rehearing Denied Feb. 5, 1969.

Johnson & Davis, Orrin W. Johnson, Harlingen, for petitioner.

F. M. Reising, pro se.

Hill, King & McKeithan, Neal King, Mission, for respondents.

POPE, Justice.

Mary Ellen Coakley, a widow, sued F. M. Reising and others in trespass to try

title to recover a seventy-acre tract of land in Hidalgo County. She also sued Sarah H. Conklin and others to recover a tract of about thirty-eight acres in Hidalgo County. The two companion cases were tried together before a jury, since they concern the same chain of title. At the conclusion of the evidence, defendants presented an oral motion that the cases be dismissed because the plaintiff had sued individually and not in her capacity as administratrix of the Estate of Joseph M. Collins. The trial court granted the motion, denied plaintiff's motion to reinstate, refused to allow trial amendments and denied plaintiff's motion to permit the introduction of further evidence. The court of civil appeals affirmed the judgments of the trial court. 422 S.W.2d 502. We reverse the judgments of the courts below and remand the causes to the trial court for trial.

Plaintiff's actions assert that the defendants obtained title to the tracts through a void foreclosure proceeding brought by the Hidalgo Water District No. 1. Both plaintiff and defendants insist that they are entitled to judgment, in the event we hold, as we do, that the cases were improperly dismissed. Plaintiff, Mrs. Coakley, claims title to the lands by reason of (1) a 1941 deed from Mattie Page Coffin and husband to Joseph M. Collins, (2) Collins' devise of the property to Will Collins, and (3) a 1943 deed from Will Collins to plaintiff, Mrs. Coakley. The defendants are in possession and claim by force of a 1942 judgment of foreclosure by the Hidalgo Water District No. 1 and constable's deeds to the Water District. The Water District then conveyed the two tracts of land to the defendants or·their predecessors in title. It is conceded that the Water District's foreclosure suit was brought against Mrs. Coffin and her sons who were the record owners in 1942, since the deed from Mrs. Coffin to Joseph M. Collins was not then recorded. Will Collins, the devisee under Joseph M. Collins' will was not named as a defendant in the Water District's foreclosure suit.

Plaintiff, Mrs. Coakley, contends that the Water District had actual notice of Joseph M. Collins' ownership and also of Will Collins' ownership at the time of the foreclosure proceedings. By reason of the failure to name Will Collins as a defendant plaintiff contends the judgment of foreclosure was void. The history of the events out of which the suit arose is as follows:

1. The parties agree, for purposes of the trial, that James R. Page ·is the common source. He died testate in Kansas City in 1934 leaving his estate to his widow, Mattie, and his two sons, Phillip and James. In 1939 Mattie married Erle B. Coffin.

2. On March 22, 1941, the two Page boys conveyed their interest in the lands in suit to their mother, Mrs. Coffin. Their deed recited, "It is agreed that the above described property is to be conveyed to Joseph M. Collins by the grantee." On March 24, 1941, Mattie Page Coffin, joined by her husband, Erle Coffin, executed a Missouri warranty deed conveying the lands to Joseph M. Collins. The deed was acknowledged according to the Missouri form and not in the Texas form which then required the wife's separate acknowledgment. The deed was not recorded until 1965.

3. On January 27, 1942, Joseph M. Collins died. He left a will by which he devised his property to his cousin, Will Collins, a resident of Iowa.

4. On August 15, 1942, the Hidalgo Water District No. 1 instituted suit to foreclose the lands for non-payment of the Water District's maintenance and operations charges, also called the flat-rate charges. Non-resident notices were served upon Mattie Page Coffin and her husband, and the two Page boys. They were the record owners. Will Collins was not named as a party or served with process. On October 21, 1942, the court rendered judgment foreclosing the Water District's flat-rate lien; there was a sale

to the Water District and on January 7, 1943, the Water District received a constable's deed to the lands. The Water District then sold the property to the defendants or their predecessors.

5. Mattie Coffin later executed a second deed to correct her 1941 deed which had the defective acknowledgment. It is called a "replacement deed," and as urged by defendants, was executed either on January 19, 1943, or a year earlier as urged by plaintiff, Mrs. Coakley. It was conceded that the deed was not acknowledged until January 19, 1943, but the execution date was disputed. On January 19, 1942, the date plaintiff says the replacement deed was executed, Joseph M. Collins, the grantee, was living. On January 19, 1943, the date of the grantor's acknowledgment of the deed, Collins was dead. The habendum clause in the deed provided "to have and to hold unto the said Joseph M. Collins, and/or his heirs, devisees, legal representatives and assigns forever." The deed was recorded on January 23, 1945.

6. On May 18, 1943, plaintiff, Mrs. Coakley, made application in Texas for the probate of Joseph M. Collins' will which had named Will Collins as devisee and "executrix." The will was admitted to probate in Hidalgo County, Texas on July 28, 1943, but Will Collins did not qualify as executor, so Mrs. Coakley was named administratrix. Her application stated that Joseph M. Collins owed her $2,250. No further orders were entered in the probate proceedings from the date of probate to the time of trial in 1966. The estate was never closed.

7. On June 26, 1943, Will Collins quitclaimed to Mrs. Coakley all of the lands in Texas or elsewhere that he received under Joseph M. Collins' will.

8. In 1947 Mrs. Coakley instituted the present two suits.

We reverse the judgments below because of the error of the trial court in dismissing plaintiff's causes for her failure to sue as administratrix of the estate of Joseph M. Collins, which was still open. Mrs. Coakley, by the deed from Will Collins, was the sole owner of all the lands in Joseph M. Collins' estate. She sued in her individual capacity only. She instituted her suits in 1947 and while the cases were always active, they were not tried until 1966. The defendants did not at any time by exception or plea question plaintiff's capacity to sue nor did they seek to abate the cases. Defendants made no complaint about her as the sole party plaintiff during a pretrial hearing. Rule 166, Tex.Rules Civ.Proc. At the end of an eight-day trial and after both parties closed, the defendants for the first time challenged Mrs Coakley's right to sue to recover the lands. Defendants orally stated their motion, and its basis was that the administration was not closed and there was no final account which showed all inheritance taxes had been paid. The court granted the oral motion and dismissed the suits.

Whitaker v. McCarty, 221 S.W. 572 (Tex.Com.App.1920) permitted an owner of the assets of an estate to sue *without joinder of the administrator, and* while an estate was still open. The court so held for two reasons. One reason was that there was no plea to abate the cause. If such a plea had been timely presented, said the court, the "administrator could at once have made himself a party in his trust capacity, and would doubtless have done so, * * *" The other reason for permitting the suit without joinder of the administrator was that the case fell within an exception to the general rule that requires the joinder. The exception relied upon was the fact that there were no debts which could be asserted against the property. We reverse the judgments of the courts below for the first reason.

Plaintiff insists that she proved there were no debts which presently exist against the Joseph M. Collins estate for which reason she falls within the excep-

tion to the rule which would require her to sue as administratrix. We do not reach that question, but we hold that upon a retrial, proof that there are no debts against the estate and that the purpose of these actions is to preserve rather than destroy the estate will entitle her to sue in her individual capacity. Whitaker v. McCarty, supra; Walker v. Abercrombie, 61 Tex. 69 (1884); 19 Tex.Jur.2d. Decedent's Estates, § 958; See also Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801 (1956).

Both the plaintiff and defendants urge that this court should, in the event we reverse the judgments of dismissal, proceed to render proper judgment. We are unable to render the judgments for either the plaintiff or defendants. There is an unsettled fact issue concerning plaintiff's contention that the Water District had actual notice that Joseph M. Collins and Will Collins were the true owners of the property at the time it filed its suit and obtained its judgment. Defendants urge that title had not passed out of Mrs. Coffin to Joseph M. Collins at the time of its suit and judgment, and that they properly sued Mrs. Coffin only.

It was Mrs. Coakley's theory that the Water District had actual notice that Will Collins, her predecessor, owned the land even though the title documents were not recorded. She contends the Water District failed to join him in the foreclosure suit, his title was not foreclosed, and the Water District judgment was void as to him.

■ It is settled by Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286 (1951), and other cases cited in that opinion, that a judgment by a taxing agency is not binding upon a person who is not a party to the suit, when his ownership is evidenced by an unrecorded document, if the taxing authority has actual or constructive notice of his title or ownership. Persons "actually or constructively known to have an interest in the land should be

joined as parties" in a tax foreclosure suit. 54 Tex.Jur.2d, Taxation, § 163; Scales v. Wren, 103 Tex. 304, 127 S.W. 164 (1910). Unless this is the rule, the taxing authority could bring suit and serve process, as plaintiffs contend was done in this case, upon those who have already parted with title and are not the least interested in the suit. Hunt v. State, 110 Tex. 204, 217 S.W. 1034 (1920).

There is evidence in this record which will support plaintiff's contention, if a fact finder believes it. Will Collins testified that shortly before the Water District filed its foreclosure suit, he went from Iowa to Hidalgo County. This was after Joseph M. Collins' death and was during June and July of 1942. There is evidence that he visited with one or more of the Water District officials and one of them took him out to inspect the properties. There is evidence that the Water District received a letter from Joseph M. Collins in which he informed the District of his ownership and that the Water District even managed the property for a while. There is also evidence that Will Collins' visit was the act which precipitated the foreclosure suit, and that the Water District arranged the sale of the property with a designated purchaser even before the institution of its foreclosure suit. The Water District filed its suit in August 1942. If a fact finder should believe from the evidence summarized above that the Water District, at the time it instituted and prosecuted its case to judgment, knew that Mrs. Coffin had conveyed the property and that Joseph M. and Will Collins were her successors in interest, but failed to make Will Collins a party, the foreclosure judgment would be void as to Will Collins. In that event Mrs. Coakley, Collins' grantee, will prevail.

The defendants argue that the Water District through whom they claim did not have to name Will Collins as a defendant because the deed from Mrs. Coffin to Joseph M. Collins was void and title never left Mrs. Coffin who was named as a

defendant in the foreclosure suit. The question presented by this contention is whether a married woman's deed to her separate property as the law existed in 1941 was wholly void if it was not privily acknowledged.

In 1941, the time of Mrs. Coffin's deed, Article 1299, Vern.Ann.Tex.Stats., required a married woman to separately acknowledge an instrument which conveyed her separate estate. Humble Oil & Refining Co. v. Downey, 143 Tex. 171, 183 S.W.2d 426 (1944); City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 44 S.W. 476 (1897). The statute has now been repealed. Acts 1963, 58th Leg., ch. 473, p. 1189. The purpose of the requirement for a wife's separate acknowledgment was the protection of the married woman, her heirs and privies against her careless divestment of title. Savage v. Rhea, 33 S.W.2d 429, 35 S.W.2d 133 (Com. App.1930). It has, therefore, been held that a stranger to the title may not avail himself of the protection of the statute. Buvens v. Brown, 118 Tex. 551, 18 S.W.2d 1057, 1061–1962 (1929); 1 Tex.Jur.2d, Acknowledgments § 139; 4 Tex.Practice, Land Titles, § 566, p. 535; Note, 8 Tex. L.Rev. 415. In Buvens v. Brown, supra, the court gave effect to a married woman's deed which was defectively acknowledged when neither she nor her heirs and privies availed themselves of their rights arising out of the defect. The court said:

"If the statute of 1846 were up for construction on the issue or question of the purpose for which it was enacted, there would be no hesitation in construing it to be an act for the protection and benefit of the married woman and those claiming under her. There would be little hesitation in holding that it was for her protection, and only for her protection; and there would be no reason or inclination to construe it to be a general or omnibus protection for the benefit of any and all who might claim its benefits, be they trespasser or stranger to her title."

Mrs. Coffin and her assigns have never undertaken to avoid the Coffin deed. When we view the situation as it existed at the time the Water District filed its suits and was under the duty of naming Collins as a defendant, but did not do so, it was not in privity with Mrs. Coffin and could not exercise her power on her behalf. The Water District had not then foreclosed on the Coffin land. If the Water District had joined Will Collins as a defendant, the party about which a fact finder may determine it had actual notice, it may never have acquired an interest in the land. He may have paid the taxes. As stated in Buvens v. Brown, quoted above, "there would be little reason to construe the statute which required the wife's privy acknowledgment to provide a general or omnibus protection for the benefit of any and all who might claim its benefits * * *."

In the event the facts are found against plaintiff on her contention concerning notice, there would still remain one or more disputed fact issues concerning the second or replacement deed that Mrs. Coffin executed. Defendants contend the replacement deed was actually executed and acknowledged in January of 1943 instead of January 1942 and at that time the Water District's foreclosure proceedings had already occurred. They also urge that Erle Coffin's signature on the replacement deed was a forgery. These contentions are disputed. We conclude that the unsettled fact issues preclude our rendering judgments for either plaintiff or defendants.

We reverse the judgments of the courts below and remand the causes to the trial court with instructions to reinstate the causes for trial upon the merits. See, Brown v. Aetna Casualty & Surety Co., 135 Tex. 583, 145 S.W.2d 171 (1940).

REAVLEY, J., not sitting.